J. K. ELWELL ET AL. v. UNIVERSALIST CHURCH ET AL.

(Case No. 2012.)

1. STATEMENT OF FACTS — PRESUMPTION.— On an appeal from the county court to the district court, and an appeal from the judgment of the district court to the supreme court, there being no statement of facts, nothing will be presumed to have been proved by appellant except that which appears in the transcript sent from the county court, and what may be recited in the judgment of the district court.

2. ADMINISTRATOR WITH WILL ANNEXED, PENDING CONTEST OF WILL.— In the absence of a contest regarding a will, it is the duty of the county court, upon an application, to appoint a permanent representative of the estate; nor can it refuse to make such an appointment merely because a contest regarding the will may arise. Such administrator being once appointed, the court cannot revoke his appointment because a contest regarding the will is afterwards begun, and place the estate in the hands of a temporary administrator pending the contest.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

*Wharton Branch,* for appellants, cited: Alexander *v.* Barfield, 6 Tex., 405; Pasch. Dig., art. 1373; R. S., arts. 1817 and 1861; Barrett *v.* Barrett, 31 Tex., 352; Flanagan *v.* Pierce, 27 Tex., 79; Withers *v.* Patterson, 27 Tex., 495 and 496; Francis *v.* Northcote, 6 Tex., 185; Walker *v.* Myers, 36 Tex., 252; Easley *v.* McClinton, 33 Tex., 295; Jones *v.* Taylor, 7 Tex., 244.

No brief on file for appellee.

WILLIE, CHIEF JUSTICE.— The record discloses the following state of case: Wharton Branch, having applied to the county court for temporary letters of administration upon the estate of B. F. Bilderback, deceased, at the instance of his co-appellants, who were the heirs of said estate, received the appointment in chambers, February 28, 1883, his term of office to continue under the statute till the day designated for taking up probate business at the next term of the court. R. S., art. 1880.

At the next term of said county court, viz., on March 19, 1883, he was continued in office till its May term. At that term, viz., on the 21st day of May, 1883, G. A. Meyer (who had previously made regular application for the appointment) received from the county court letters of administration with the will annexed upon said estate, the ground of his appointment being that the deceased had left a will in which no executor was named.

On the 4th of June, 1883, the appellants Elwell and Van Hist excepted to the appointment and gave notice of appeal to the district court, and gave an appeal bond on the same day. On the 6th of June, 1883, Wharton Branch filed his motion to vacate the appointment of Meyer on many grounds, the principal of which were that a contest of Bilderback's will was pending in the district court at the date of Meyer's appointment, and that, under the circumstances, the county court had no right to appoint any other than a temporary administrator, and asking that he be continued in that trust,— giving reasons why he had not filed his motion at an earlier date, and had not opposed the permanent appointment of Meyer. This motion was overruled, and an appeal from this action taken and perfected by Branch to the district court. That court, on November 24, 1884, affirmed the judgment of the county court, and from this judgment of affirmance an appeal has been taken to this court.

The record contains no statement of facts, and we are, therefore, not informed as to the evidence upon which the appellants sup-

ported their opposition to the appointment of Meyer, and their motion to revoke his letters of administration. The counsel for appellants present the case as if the allegations of their motion had been proven in the court below. In the absence of a statement of facts the presumption is directly to the contrary, and we shall have to consider the case upon the theory that nothing was proved except such as appears in the transcript sent from the county to the district court, and what is recited in the judgment rendered in the court below.

Outside of the pleadings of the appellants there is nothing to show that, at the time Meyer's application for permanent letters was granted by the county court, any contest over the will of Bilderback was pending, either there or in the district court. If no contest was pending and no other objection was made to Meyer's appointment, there was no reason why he should not receive letters of administration with the will annexed upon the estate, no executor having been named in the will. The time for which the temporary letters were continued had expired before the permanent appointment was made, and unless a contest was pending as to the probate of the will there was no necessity for the further continuance of the temporary letters. The time for a permanent appointment had arrived, and no objection as to the propriety of granting letters having been made, the county court could not do otherwise than grant them to the applicant.

In the absence of a contest it is the duty of the county court upon application to appoint a permanent representative of the estate. That court has no power to refuse the appointment merely because a contest about the will of the decedent may arise in the future. When a permanent administrator is appointed, he administers the estate pending any contest that may in future arise concerning the will, and the court has no right in the event of such a contingency to revoke the permanent letters and place the estate in the hands of a temporary administrator pending the contest.

There was no reason why the county court in this case should refuse the appointment to Meyer, and hence no reason why its action should be reversed upon appeal on the same state of record. The only additional fact made known to the district court was, that a contest of the will was pending there at the time of rendering its judgment. Without a statement of facts, all presumptions are in favor of the judgment, and we are therefore authorized to presume that the contested will case made its appearance in that court subsequent to the time of granting letters to Meyer in the county court.

This being so, the case presented to the district judge was that of a motion to set aside the previous appointment of a permanent administrator to make way for a temporary administrator to take charge of the estate during the contest of the decedent's will. This, we have seen, the court was not authorized to do under the circumstances, and the district judge did not err in refusing the application, and the judgment is affirmed.

AFFIRMED.

[Opinion delivered February 10, 1885.]