### ADELIA A. FOOT v. C. H. SILLIMAN ET AL.

#### No. 6502.

1.  **Evidence—Certified Copy of Lost Deed.** — An affidavit by an attorney of record that an original deed is lost and can not be procured is sufficient to authorize the introduction of a certified copy in evidence.  A specific statement of the acts of diligence in searching for the lost deed is only necessary when made with a view to the introduction of parol evidence of the contents of the lost deed.

2.  **Deed—Relation Back.**—A deed made by one who had conveyed the land before to a trustee to secure the payment of a debt more than thirty years before, and which contains a recital that it was executed to discharge the debt, can not relate back to the date of the trust deed or be construed as executed in pursuance of its terms.   A purchaser for value from the maker of such trust deed thirty years after its execution, though buying with notice of its registration, may safely presume that the debt it was made to secure was extinguished.

APPEAL from Kinney.    Tried below before Hon. Winchester Kelso.
The opinion states the case.

*Clamp & Clamp* and *Carter & Blivens*, for appellant. — 1.   The facts proved were sufficient to put defendants on inquiry and notice of plaintiff's equities and deed, though their deed be held not a quit claim.   Spurlock v. Sullivan, 36 Texas, 512; Hines v. Perry, 25 Texas, 451; Briscoe v. Bronaugh, 1 Texas, 335.

2.   Plaintiff's deed vested in her the full title, legal and equitable, and was made prior to defendants' purchase and in recognition of her prior equitable rights, of which they had notice; and they were bound to take notice that the mortgage could have been renewed.   Sprague v. Ireland, 36 Texas, 654; Ware v. Bennett, 18 Texas, 794; Fisk v. Wilson, 15 Texas, 430; Rodgers v. Burchard, 34 Texas, 442.

3.   The execution of trust between parties was the same as if executed by the trustee; *qui facit per alium, facit per se.*   Stale demand or lapse of time without adverse possession does not apply to trust estates, but only to the remedy in court, if at all.   Sprague v. Ireland, 36 Texas, 654; Hill on Trustees, 341; Gray v. May, 16 Ohio St., 80; Goldfrank, Frank & Co. v. Young, 64 Texas, 432.

4.   The superior right and title was in the plaintiff, even under the trust deed (Fievel v. Zuber, 67 Texas, 275); certainly so in connection with the deed.   The defendants having notice of plaintiff's equities, she upon

securing an absolute conveyance took the whole estate by estoppel. Satterwhite v. Rosser, 61 Texas, 173, and cases therein cited. Plaintiff's deed being the older title, defendants, with notice of the mortgage and debt, acquired nothing against her, but hold in trust for her. Fievel v. Zuber, 67 Texas, 275; Dunman v. Coleman, 67 Texas, 390; Mayfield v. Cotton, 37 Texas, 230; Price v. Cole, 35 Texas, 470; Rodgers v. Burchard, 34 Texas, 442. Defendants are purchasers *mala fide.* Pasch. Dig., art. 4622, note 1931; Briscoe v. Bronaugh, 1 Texas, 335. The burden of proof was on defendants to establish the plea. Watkins v. Edwards, 23 Texas, 443.

*Robertson & Williams,* for appellees.—1. It was not error for the court to exclude the certified copy of the deed of trust from George H. Giddings to J. D. and J. J. Giddings, trustees, for the benefit of the appellant, for the reason that the affidavit to the loss of the original deed of trust was wholly insufficient, in that it was made by appellant's attorney without showing that the matters sworn to were within the personal knowledge of said attorney, and without showing a sufficient excuse for the failure of appellant to make such affidavit in person, and for the reason that the affidavit does not show the particulars of the search therein stated to have been made by appellant for such original instrument. Kaufman v. Shellworth, 64 Texas, 179; Vandergriff v. Piercy, 59 Texas, 371, and cases cited.

2. The deed of trust from G. H. Giddings for the benefit of appellant did not pass the title to the land in controversy to the trustees named in said deed or to the *cestui qui trust,* and had not been foreclosed or attempted to be foreclosed; and there having been no execution or attempted execution of the power of sale conferred upon said trustees, said deed of trust formed no part of and was not a link in appellant's chain of title to the land in controversy; and if its introduction in evidence had been permitted it could not have affected the case or changed the judgment rendered; and its exclusion, if error, was not material error, and will not authorize a reversal of the judgment. Duty v. Graham, 12 Texas, 428; Perkins v. Sterne, 23 Texas, 561; Mann v. Falcon, 25 Texas, 271; McLane v. Paschal, 47 Texas, 365.

HOBBY, JUDGE.—This is an action of trespass to try title by appellant, who was plaintiff below, to recover the land described in the petition, brought on June 20, 1887.

The defendants entered the usual plea of not guilty, and the statutes of limitation. Judgment was rendered quieting the title to the land of the defendants C. H. Silliman, C. F. Hodges, and the Galveston, Harrisburg & San Antonio Railway Company, and that plaintiff take nothing by the suit. That judgment is now before us on appeal for review.

The record shows that both parties claim under a common source, George H. Giddings.

The plaintiff, Mrs. Adelia Foot, through her counsel, offered in evidence a certified copy of a deed of trust, dated June 12, 1854, from said Giddings, recorded in Bexar County, the land being then in that county, June 14, 1854. It was executed to secure the payment of a debt of about $2800 with interest due Mrs. Foot from the grantor. J. J. and J. D. Giddings were appointed trustees.

This copy was accompanied by the following affidavit: "Comes the plaintiff (appellant) by attorney, and on oath says that the original deed of trust executed by G. H. Giddings to J. D. Giddings and John J. Giddings and for her benefit, of date June 12, 1854, and recorded on the 14th day of June, 1854, in Bexar County records, book L No. 2, pages 578 and 579, a certified copy of which is now on file in this cause, is lost, and the same can not be found and procured; that she has made diligent search for the same where last seen and in all places where the same was liable to be found, but can not find the same, and that the same is lost; that plaintiff is a female and not in attendance on this court and can not now attend, wherefore this affidavit of loss is made by her attorney instead of herself in person."

This was signed by plaintiff's attorney on the day of trial, October 29, 1887. It was objected to by defendants "for the reason that the affidavit to the loss of the original deed of trust was wholly insufficient, in that it was made by appellant's attorney without showing that the matters sworn to were within the personal knowledge of said attorney, and without showing a sufficient excuse for the failure of appellant to make such affidavit in person, and for the reason that the affidavit does not show the particulars of the search therein stated to have been made by appellant for such original instrument." These objections were sustained, the copy excluded, and plaintiff excepted.

Plaintiff then introduced a deed from G. H. Giddings, dated January 8, 1885, conveying to plaintiff the land in controversy among other tracts. This deed refers to the said trust deed, and is made in lieu of and to extinguish the debt secured thereby. It was recorded in Kinney County, where the land is situated, on January 20, 1887.

Defendants introduced a deed from G. H. Giddings to appellees Silliman and Hodges conveying the same land. This deed contains the following warranty:

"And I do hereby bind myself, my heirs, executors, and administrators, to warrant and forever defend all and singular the said premises unto the said C. H. Silliman and C. F. Hodges, their heirs and assigns, against every and all persons whomsoever lawfully claiming or to claim the same or any part thereof by, through, or under me, except as against tax titles to said land."

It is dated June 19, 1886, filed for record in Kinney County August 2, 1886, and recorded on August 3, 1886.

The appellee Silliman testified that he paid G. H. Giddings $1002.50 in cash for the land in controversy; that he found the old deed of trust to Mrs. Foot, appellant, of record, and supposed it to have been paid off without the execution of a release; also found an old judgment against Giddings; that he wrote Giddings about both; that Giddings replied that he knew nothing about the judgment, but the trust deed had been settled and the debt paid off long before; that he searched outside the records for claims against the land, but found none; that the land was worth more money than $1000 at the time of the purchase from Giddings; that it was worth at the time of trial $2000; that he did not know the land had been sold to plaintiff (appellant); that plaintiff's deed was not on record when defendants bought from Giddings.

The appellee Hodges testified that he paid one-half the purchase money to Giddings; he did not know the land had already been sold to Mrs. Foot; that he and Silliman bought the land in good faith and without notice of appellant's deed from Giddings; that the land is valuable, having water on it nearly all the time, and some timber and fine grass; that he thinks it is assessed at $1 per acre.

Appellees Silliman and Hodges conveyed on the 20th of October, 1886, to the Galveston, Harrisburg & San Antonio Railway Company, for a consideration of $200 and the enhanced value to their land, etc., a strip off the land in controversy.

The first assignment is that the court erred in excluding the certified copy of the deed of trust offered in connection with the affidavit of plaintiff's attorney as to the loss of the original, because, first, the affidavit was sufficient to admit secondary evidence; and second, the certified copy was from a proper record—was admissible as an ancient instrument.

The affidavit we think was sufficient. It stated that the original deed of trust was lost, and that it could not be procured. This was all that the statute required. Hurley v. Barnard, 48 Texas, 88; Evans v. Womack, 48 Texas, 234. It is not necessary to set forth the acts of diligence where the affidavit is made as a predicate for the introduction of a certified copy of the original. This is only required in that class of cases where the affidavit of the loss of the original or its destruction is made with a view to the introduction of secondary evidence of the contents of the deed. It is in these latter cases that more rigid requirements are exacted with respect to affidavits. In the former class, when made to authorize the introduction of a certified copy, the original having been recorded, it has been held that if such facts be stated as reasonably show the loss it will be sufficient. The reason for the distinction in the construction of the affidavit in such case and one made to allow parol proof of the contents of an unrecorded deed is obvious.

It is evident from the foregoing statement as to the respective titles that unless the deed from George Giddings to the plaintiff, dated January, 1885, can be considered and held to be a conveyance *under and by virtue of the deed of trust* executed in June, 1854, the defendants' title is superior, and the error in excluding the certified copy of the deed of trust on the ground of the insufficiency of the affidavit was not material. The defendants purchased from Giddings subsequent, it is true, to the date of the deed of plaintiff, but prior to the registry of the former, and without notice and for value.

If the deed to plaintiff from Giddings can be made to relate back to the trust deed or be construed in contemplation of law as having been executed pursuant to its terms, plaintiff's title is superior, and the exclusion of the copy was prejudicial to her rights.

There was no effort upon the part of plaintiff disclosed by the record to show a foreclosure under the deed of trust. The deed of trust excluded was executed by George H. Giddings, who was the common source from whom the parties deraigned title. It was executed to secure a debt due the plaintiff amounting to about $2800, and conveyed the land in controversy to J. D. and J. J. Giddings in trust for this purpose. It stipulated that either of "the trustees may with my consent transfer and convey at private sale any or all of said lands, the proceeds thereof to be applied to the payment of said notes and interest, and the balance of the proceeds to be paid over to me, if any; and further, in the event that said notes or either of them become due and remain unpaid, either the said J. D. Giddings or John J. Giddings may sell said lands at public sale by giving twenty days notice of the time and place of sale, either at Brenham, in Washington County, or at Bexar County seat, by one written notice posted up at the court house of the county where the sale was to be made, and apply the proceeds of said sale to the payment of said notes, and the balance, if any, to be paid over to me; and the said J. D. Giddings or J. J. Giddings may either of them make said sale and execute good and sufficient titles to the land sold." It was dated June 12, 1854, and recorded in Bexar County on the 14th June, 1854.

The plaintiff's title consisted, as shown by the statement of facts, of a deed dated January 8, 1885, executed by George H. Giddings, and which recited that said Giddings did on the 12th of June, 1854, "execute and deliver to J. D. Giddings and J. J. Giddings, of the county of Washington and State of Texas, a certain deed of trust, conveying the hereinafter described lands for the purpose of securing the payment of three promissory notes, payable to Adelia A. Foot or order; and whereas the said J. D. Giddings and J. J. Giddings having departed this life without having executed said trust, and upon which notes there is now due the sum of $8359.61; and whereas the said Adelia A. Foot having demanded of me payment of the amount due her upon said notes, and is willing to accept

a deed of the land described in said deed of trust in payment thereof; now therefore in consideration of said sum," etc.   Then follow a description of the land and usual covenants of warranty.   This deed was not recorded in Kinney County, which in the meantime had been detached from Bexar, and where the land was situated, until January 20, 1887.

The defendants' title consisted of a deed from said George Giddings, dated June 19, 1886, and recorded in Kinney County on August 3, 1886, conveying the same land, with covenant of special warranty.

It is clear, we think, that the recitals of the conveyance from Giddings to plaintiff made in 1885 show that the trust deed was not executed or foreclosed at that time (thirty-one years subsequent to its execution by the grantor in June, 1854); and the defendants were authorized to presume, although it was of record when they purchased in July, 1886, that the debt it was given to secure had been extinguished.

The facts that the deed of trust had been previously given to secure a debt of about $2800, and that the trustees were dead, and that the debt was still due from Giddings to plaintiff, were no doubt considerations for which the deed was made in 1885.   But this was no more than the recital of the existence of a past debt as a consideration, and could not in any degree be considered as the *execution of a title pursuant to the deed of trust*.   The recitals repel this theory, as they plainly are that the trust deed "had never been executed."

So then the conveyance from Giddings was wholly distinct from the trust deed, having no legal connection with it and deriving no force from it; and it had the effect only which an ordinary deed, executed without any reference to the trust deed, would have had.   As such it was recorded after defendants' purchase, and consequently could not affect their title.

It follows from this that if the trust deed had been introduced in evidence it would not have changed the result of the suit, because the facts showed that there was no foreclosure under nor title acquired pursuant to its terms.   What we have said renders unnecessary any discussion of the effect of the covenant of warranty contained in defendants' title.   We perceive no error in the judgment, and think it should be affirmed.

*Affirmed.*

Adopted May 13, 1890.