# Saunders *v.* Tuscumbia Roofing & Plumbing Co.

## *Mechanic's or Material Man's Lien.*

(Decided July 6th, 1906. 41 So. Rep. 982.)

1. *Evidence; Secondary Evidence; Proof of Loss of Primary Evidence; Sufficiency.*—While it was not necessary to prove that search has been made in every possible place in order to render secondary evidence of the contents of an instrument in writing admissible, yet it is necessary to show that search has been made in the place where the instrument was last seen, or in the place it would likely be, and that it could not be found.

2. *Same.*—A sufficient predicate is laid for the admission of secondary evidence of the contents of an original writing when it is shown that the instrument had been searched for in the place where last seen and where it ought to be and that it could not be found.

3. *Appeal; Record; Sufficiency.*—The lien sought to be enforced not being set out in the bill of exceptions, discrepancies between the lien filed and the status of the suit as to parties, cannot be considered on appeal.

4. *Mechanic's Lien; Consent of Owner; Authority to Contract; Husband and Wife.*—Where the husband as the agent of the wife contracted for repairing a building owned by her, her property is subject to a lien for labor and materials furnished, without reference to whether she consented to the repairs or not.

5. *Same; Evidence; Admissibility.*—Where there was no direct proof that the husband, who contracted for the repairs, was acting as the agent of the wife in so doing, it was competent to ask him whether he sold the property for his wife, what he did with the purchase money, and as to who employed men to do certain work on her property.

6. *Appeal; Harmless Error.*—Where it appears that the admission of irrelevant evidence could not have affected the verdict, its admission was harmless error.

APPEAL from Colbert Circuit Court.

Heard before HON. ED. B. ALMON.

Action by the Tuscumbia Roofing & Plumbing Company against Olivia Saunders. From a judgment for plaintiff, defendant appeals.

This was an action to enforce a lien for work and labor done and material furnished in repairing certain machinery and building alleged to belong to defendant and her husband, T. C. Saunders. The defense relied on is set up in special plea as follows: "That she never made any contract with plaintiff for the material or work and labor mentioned in said cause of action, nor authorized her husband to do so, and had no knowledge or notice that the material had been furnished and the work and labor done until long after its performance, and it was all done by her husband without her knowledge and consent, and that the plaintiff gave credit to her husband alone for said material and said work done." The defendant requested the following written charges: "(1) That if T. C. Saunders, the husband of the defendant made the contract with Bernhardt in his own name, and not as agent for his wife, and that credit was given solely to the husband, T. C. Saunders, the jury must find for the defendant. (2) That in order for plaintiff to recover in this case he must show that there was a contract either with the defendant or with T. C. Saunders as her authorized agent, and if the contract was not made with defendant or with T. C. Saunders as her agent, but with T. C. Saunders individually, then the jury must find for the defendant. (3) That unless the evidence in this case shows that the contract was made with Olivia Saunders the jury must find for the defendant. (4) The proof in this case shows that Mrs.

[Saunders v. Tuscumbia Roofing & Plumbing Co.]

Saunders never authorized Mr. Saunders to have the work done that is sued for in this case. (5) Affirmative charge. (6) If the plaintiff in this case gave the credit to T. C. Saunders for the work he did, you should find for the defendant. (7) There is no proof that Mrs. Saunders ever ratified any contract for the work in this case."

W. T. and W. L. Chitwood, for appellant.—No brief came to the reporter.

James H. Branch, for appellee.

SIMPSON, J.—This was a suit by the appellee (plaintiff) to enforce a mechanic's and materialman's lien on certain property.

The assignment of error is that the court erred in admitting the record of the mechanic's lien, because no sufficient predicate was laid for the introduction of secondary evidence. The testimony on this point was by the plaintiff, who testified that he could not find the original, and that he had hunted for the same at his shop and been unable to find it; that he had not examined at his residence, but the last time he had seen it it was at his shop. Mr. Wigmore, in his work on Evidence, in referring to this question about the sufficiency of the search, says: "The discovery of the Island of Atlantis has occasioned no less arduous and no less vain efforts than the attempt to frame a fixed and just rule for the conduct of this inquiry." And the learned author proceeds to state that there is no fixed rule, and that the inquiry must depend entirely upon the circumstances of the case. He goes on to express the opinion, based upon that of Lord Denman, that this is a matter which "should be left entirely to the trial court's discretion, and that it is an ill judged expenditure of effort, and a waste of time for a Supreme Court to renew the action of the lower court on this subject.—2 Wigmore on Evidence, §§ 1194, 1195, pp. 1407, 1412. Our court has, nevertheless, expended some effort in passing upon this question.

From a general review of our cases, we may gather that it is not sufficient for the witness to state that he has not seen the paper and is satisfied that it is lost; also that it is not necessary to prove that search has been made in every possible place, but it is necessary to prove that search has been made in the place where the instrument was last seen, or kept, or in the place where it is likely it would be found, if in existence.—*Green v. State,* 41 Ala. 419, 422; *Preslar v. Stallworth,* 37 Ala. 402, 406; *Jernigan v. State,* 81 Ala. 58, 60, 1 South. 72; *Bogan v. McCutchen,* 48 Ala. 493; *Foster v. State,* 88 Ala. 182, 187, 7 South. 185; *O'Neal v. McKinna,* 116 Ala. 606, 616, 22 South. 905; *Burks v. Bragg,* 89 Ala. 204, 206, 7 South. 156; *Laster v. Blackwell,* 128 Ala. 143, 147, 30 South. 663; *Stuart v. Mitchum,* 135 Ala. 546, 550, 33 South. 670. It is recognized in several of the cases cited that much depends upon the particular circumstances of each case.—The *Foster Case, supra.* In *Jernigan Case, supra,* Stone, C. J., says that "a material inquiry is whether or not there was a probable motive for withholding this highest and best evidence. Whenever the court is able to answer this inquiry in the negative, less evidence will satisfy its conscience. In the *Bogan v. McCutchen Case, supra,* stress is laid upon the infirmities of verbal declarations in proving lost papers. In another case where it was sought to prove (by parol testimony) dying declarations (which had been reduced to writing), the court gives as the reason of the rule requiring proof of the loss of the writing "the possibly uncertain and inaccurate memories of witnesses." —*Boulden v. State,* 102 Ala. 78, 85, 15 South. 341. And in a case in the Supreme Court of Texas it is held that less evidence is required to let in secondary evidence where it consists of an authenticated copy of the original, then where it is a matter to be proved by parol; the court saying: "The reason for the distinction in the construction of the affidavit in such case, and one made to allow parol proof of the contents of an unrecorded deed, is obvious."—*Foot v. Silliman,* 77 Tex. 268, 271, 13 S. W. 1032. The proof in the present case was sufficient, and the court properly permitted the introduction of the record of the mechanic's lien.

Assignments 2, 3, 4, and 5 relate to supposed discrepancies between the lien, filed in the office of the probate judge, and the status of the suit as to parties. These cannot be considered because the said lien is not set out in the bill of exceptions. It is true that, with or without her knowledge and consent to the doing of the work and furnishing material, her property might be made subject to the lien, if it could be proved that her husband was her agent, clothed by her with the power and authority to make said contracts, and that the contract in question was made by him as agent for her. As there was no direct proof of the fact that the husband was acting as agent of the wife in making repairs upon her property, the jury was entitled to all the evidence which could shed any light on that question; and the questions to the witness Saunders, and answers thereto, whether he sold the property for his wife, and as to who employed the men to build the laundry, and as to what he did with the purchase money, were properly admitted for that purpose. Agency may be proved by the acts and conduct of the parties.—*Tenn. River Trans. Co. v. Kavanaugh Bros.*, 101 Ala. 1, 11, 13 South. 283.

The question as to whether the husband conveyed the property to his wife was proper, for the purpose of showing that the property belonged to the wife. The question to the witness Saunders as to who wrote the deed had no bearing whatever on any issue submitted to the jury, and while it was irrelevant yet it is clear that it could not in any way have affected the verdict on the issues submitted to the jury. Consequently its admission was not reversible error.—*Borland v. Mayo,* 8 Ala. 104, 111, 112; *Parsons v. Boyd,* 20 Ala. 112, 121; *Frierson v. Frierson,* 21 Ala. 549, 555; *Seabury v. Stewart & Easton,* 22 Ala. 207, 220, 58 Am. Dec. 254; *Meyer v. Clark,* 40 Ala. 259, 267.

The charges refused were based entirely on the necessity of the agency of Saunders in making the contract for repairs; and from an examination of the charges given by the court, on request of defendant, we find that they contained the substance of the charges refused (with the exception of two to the effect that there was no proof of certain things, which was a matter for the

jury) and the general charge. Consequently there was no error in refusing them.

There was no error in the refusal of the court to give the general charge requested by defendant, as it was a question for the jury to determine, from all of the evidence, whether or not Saunders was acting as the agent of the defendant in contracting for the work and material.

The judgment of the court is affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.