# Pilcher v. Dothan Mule Company.

*Trover and Conversion.*

(Decided November 12, 1912. 60 South. 547.)

1. *Evidence; Best and Secondary; Proof of Loss.*—Where an offi-
cer of the plaintiff company testified that the mortgage under which
the plaintiff claimed the property, had been in the courthouse and
had been shown to the attorneys in that case, but that he could
not afterwards find it at the courthouse or among his papers, this
was sufficient, in the absence of anything to suggest improper motive
for withholding it, to warrant a finding that the mortgage had been
lost and could not be produced, so as to allow secondary evidence
as to its contents.

2. *Trial; Objections to Evidence; Time.*—Where a party does not
object to a question he cannot afterwards move to exclude part of
an answer clearly responsive thereto.

3. *Witnesses; Credibility.*—The mere refusal to pay an account
does not go to a witness's credibility or tend to show bias against
his creditor, and where a witness had testified that he had had no
trouble with the defendant about an account, it was proper to
exclude a question on cross examination as to whether he had re-
fused to pay an account that he owed the defendant.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Trover by the Dothan Mule Company against G. W. Pilcher. Judgment for plaintiff, and defendant appeals. Affirmed.

The complaint declared for the conversion of one mouse colored mare mule about twelve years old, and the mortgage referred to was given by one Moates to the Dothan Mule Company, and conveyed all the horses, cattle, mules and hogs, or other live stock owned by the maker.

ESPY & FARMER, for appellant. No brief reached the Reporter.

E. H. HILL, for appellee. No brief reached the Reporter.

WALKER, P. J.—The objection to the introduction of secondary evidence of the contents of the mortgage under which the plaintiff claimed the right to the property alleged to have been converted was properly overruled. The custodian of the paper, who was an officer of the plaintiff company, testified to the paper having been in the courthouse and shown to the lawyers in the case; that he thought it was with the other papers in the case; but that, after he found that it was not in the courthouse, he looked through all his papers, and in all places where he usually kept such papers, and could not find it. This evidence, especially in view of the circumstances mentioned, and the absence of anything to suggest the existence of an improper motive for withholding the original, cannot be said to have been insufficient to warrant a finding by the court that the original paper was lost and could not be produced, though a diligent search had been made for it.—*Saunders v. Tus-*

*cumbia Roofing & Plumbing Co.,* 148 Ala. 519, 41 South. 982; Jones on Evidence, §§ 212, 213. So far as the objection to the secondary evidence was based on the ground that the execution of the instrument had not been proved, it was without foundation in fact. The execution of the paper had been testified to without objection.

The appellant cannot complain of the action of the court in overruling his motion to exclude part of the answer of the witness Williams to the question asked him by the counsel for the appellee, "What did Pilcher say in reply to your demand for the mule?" as the question was not objected to, and the part of the answer sought to be excluded was clearly responsive to it.— *Southwestern Ala. Ry. Co. v. Maddox & Son,* 146 Ala. 39, 41 South. 9; *Sloss-Sheffield Steel & Iron Co. v. O'Neal,* 169 Ala. 83, 2 South. 953.

A witness for the plaintiff, having testified without objection that he had had no trouble with the defendant about an account, was asked on cross-examination if he had refused to pay an account that he owed the defendant. The court cannot be charged with error for sustaining the plaintiff's objection to this question. It cannot be said that the mere fact of one's refusal to pay an account goes to his credibility as a witness, or has any tendency to show the existence of bias or ill will on his part towards his creditor. The inquiry was as to a collateral matter, foreign to any issue in the case.—*McAlpine v. State,* 117 Ala. 93, 23 South. 130; Jones on Evidence, §§ 832, 833.

As to the suggestion that the general affirmative charge, requested by the defendant, should have been given, because of a variance between the complaint and the copy of the chattel mortgage admitted in evidence in the matter of the description of the property alleged to

have been converted, it is enough to say that there was evidence tending to show that the description of the property in the original mortgage corresponded with that given in the complaint. In other words, as to this matter there was evidence not at variance with the allegation of the complaint.

Affirmed.