MENSING v. FIDELITY LUMBER CO. et al. (No. 147.)

(Court of Civil Appeals of Texas. Beaumont. March 22, 1917. Rehearing Denied April 25, 1917.)

1. PAYMENT ⬦⇒66(2) — PRESUMPTION—MORTGAGE.

Where no attempt was made to foreclose a deed of trust for 25 years, after the note secured by it became due, and the note was not

produced, nor was any evidence offered that it had not been paid, and in the meantime the land had been in the open possession of the purchasers under foreclosure of a second deed of trust, it will be presumed that the note secured by the first deed of trust had been paid and the trust thereby satisfied.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 178, 179.]

2. TRESPASS TO TRY TITLE 35(2)—LAPSE OF TIME—ISSUES—NOT GUILTY.

In trespass to try title, where plaintiff claimed under a foreclosure of a deed of trust 25 years after the maturity of the indebtedness, defendants in possession can rely on the defense of laches under their plea of not guilty; it being necessary to plead equities only when defendant seeks affirmative relief.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 51.]

Appeal from District Court, Tyler County; A. E. Davis, Judge.

Trespass to try title by G. H. Mensing against the Fidelity Lumber Company, in which the defendant brought in its warrantors S. F. Carter and others. Judgment for the defendant and the warrantors, and plaintiff appeals. Affirmed.

Geo. T. Burgess and Stewarts, all of Dallas, and R. A. Shivers, of Woodville, for appellant. Thomas & Wheat, of Woodville, Townes & Vinson, of Houston, and Matthews & Browning, of Lampasas, for appellees.

BROOKE, J. Appellant, G. H. Mensing, filed this suit in trespass to try title against the appellee Fidelity Lumber Company, for 277 acres of land patented to D. Spinks as assignee of E. B. Blount, and 177 acres patented to Cordelia Ewell, the assignee of John Clark. Fidelity Lumber Company brought in its warrantors, S. F. Carter and J. P. Carter, Thompson Bros. Lumber Company, a corporation, J. L. Thompson, Hoxie Thompson, and Alex. Thompson, and the appellees S. F. Carter and J. P. Carter brought in their warrantor, J. A. Mooney. All of the defendants pleaded general denial. Trial was had before the court with a jury, on the 2d day of February, 1916, and upon the conclusion of the trial, there being no question of fact for the jury, it was, by agreement of the parties, discharged, and the cause submitted to the court, and the court rendered judgment that appellant take nothing, and in favor of the defendant warrantors. Appellant filed a motion for new trial on the 3d day of February, 1916, and an amended motion on the 10th of February, which was by the court overruled, to which action of the court, appellant excepted, and in open court gave notice of appeal. Appeal bond was filed February 28, 1916.

It was agreed that Dreenan Spinks was the common source of title as to the Eli Blount survey, and that William Frazier was common source of title as to the John Clark survey. William Frazier died, leaving surviving him nine children, among whom were W. P. Frazier, S. S. Frazier, Elizabeth Cooper, and Eliza Ingram. The interests inherited by the other five children of William Frazier were not in controversy herein, the title thereto or to the greater part being vested in the defendants, and never having been vested in plaintiff or his predecessors in title. Elizabeth Cooper died, leaving as her sole heir at law her son, S. B. Cooper. Eliza Ingram died, leaving as her sole heir at law a child named D. C. Ingram. W. P. Frazier, S. S. Frazier, and D. C. Ingram conveyed their interest to S. B. Cooper. Dreenan Spinks and wife conveyed to S. B. Cooper the Eli Blount survey. S. B. Cooper, on the 29th day of April, 1886, executed a deed of trust to F. D. Minor, as trustee, to secure Mensing Bros. & Co., in the payment of a note for $400.21, of date April 27, 1886, due January 1, 1887, the deed of trust providing for sale of the land in the event of default in the payment of the note, and also providing for the appointment of a substitute trustee. The deed of trust from Cooper to Minor for the benefit of Mensing Bros. & Co. was filed for record in Tyler county on the 5th day of May, 1886. S. B. Cooper, on June 15, 1886, executed a deed of trust to B. E. Moore, trustee, to secure a note due Wright & Taylor for $650 of that date, due one year after date, the deed of trust providing for sale upon default of payment of said note and for the appointment of a substitute trustee. On September 17, 1912, F. D. Minor, trustee in the deed of trust from Cooper to Mensing, declined to act. G. H. Mensing, as surviving partner of Mensing Bros. & Co., on the 25th of September, 1912, appointed Maco Stewart as substitute trustee in place of Minor, resigned. Deed from Maco Stewart, as such substitute trustee under the deed of trust, conveyed the property in controversy to G. H. Mensing. B. E. Moore, trustee in the deed of trust from Cooper, for the benefit of Wright & Taylor, declined to act, and Wright & Taylor appointed John H. Kirby as substitute trustee. On August 2, 1887, Kirby, as such substitute trustee, conveyed the property in controversy to John J. Wright, and Marion E. Taylor, composing the firm of Wright & Taylor, said deed being filed for record on September 5, 1887. The Wright & Taylor title, acquired under the foreclosure by Kirby of the deed of trust to them, passed by proper mesne conveyances to defendants.

Appellant assigns error as follows: (a) The court erred in rendering judgment for defendants, because plaintiff showed a superior title in himself to the land in controversy; (b) the court erred in rendering judgment for the defendants, because plaintiff proved himself to be the holder of the superior legal title to the land in controversy; (c) the court erred in rendering judgment for the defendants, because plaintiff proved himself to be the holder of the superior legal

title to the land in controversy from and under the common source; (d) the court erred in rendering judgment for the defendants, because under the pleadings plaintiff showed himself to be the owner and holder of the superior legal title from and under the common source, and judgment should have been for plaintiff, notwithstanding that facts may have existed which, if properly pleaded and proved, would have entitled defendants to equitable relief; (e) the judgment of the court is contrary to the law because the evidence showed plaintiff to be vested with the superior legal title to the land in controversy, from the common source.

Appellees' counter-proposition under the first, second, and third assignments of error, are as follows:

"The plaintiff did not show a superior title, the only apparent title shown by him being such as he acquired through the foreclosure of the deed of trust from Cooper to Minor, trustee for Mensing, and no title vested in him by reason of such foreclosure, because said deed of trust was executed on April 29, 1886, to secure a note due on January 1, 1887, and no attempt was made to enforce or foreclose said deed of trust until December 3, 1912, long prior to which time Cooper's title had become vested in other persons through whom appellees claim title, and no reason was shown why the plaintiff delayed for over 25 years in foreclosing his deed of trust, during all of which time the land, as shown by the records, was claimed by the appellees and those through whom they claim, and plaintiff did not, on the trial, produce the note secured by his deed of trust, or show that the same had not been paid. Therefore, by reason of plaintiff's laches, and his failure to prove nonpayment of said note, it does not appear that the deed to the plaintiff from the trustee under said deed of trust passed title to any of the lands sued for."

They also make the further proposition that:

"The defense of laches may be made under a plea of not guilty, and thereunder it may be shown that by reason of the laches of plaintiff he has not acquired the superior title to the land in controversy."

[1] We are of the opinion that the contentions of appellees, in the above propositions, are correct, and should be sustained. It has been held by numerous decisions that in an action, as the present, to try title to land, the presumption will be indulged that a debt secured by a mortgage was paid, and the mortgage thereby satisfied, and this presumption will arise from its existence for a long time before suit. There was a debt, and there was no evidence that it was ever paid. The long lapse of time would create the presumption that the debt had been paid by Cooper, the owner of the land, and, when paid, of course, the mortgage would be satisfied. We deem it unnecessary to recount the holdings of the various courts on the fact that the long lapse of time, 25 years in this case, will cause the presumption to be indulged that the debt has been paid. The note upon which the deed of trust from Cooper to Mensing was based was not produced. There was no attempt made to show that the note

had been paid. The fact that no move was made to enforce the collection of the note or foreclosure of the deed of trust until December 3, 1912, is persuasive, and the further fact that the title, through Wright & Taylor from Cooper, acquired under the foreclosure of the Kirby deed of trust on August 2, 1887, which had been acquired by appellees and various other persons under whom they hold, had not been questioned during the said 25 years, and during this time, also, appellees and those under whom they claimed were asserting title openly and paying taxes on the land, and holding the same. This, to our minds, is conclusive. The deed to the plaintiff from Maco Stewart, the substitute trustee, did not pass any title to the appellant to any of the land sued for.

[2] With reference to the contention that the defense of laches may be made under a plea of not guilty, it is held in the case of Kauffman et al. v. Spill Brown, 83 Tex. 47, 18 S. W. 425, decision by the Supreme Court, as follows:

"We understand the law to be that under the plea of not guilty the defendant can interpose any legal or equitable defense that tends to defeat the plaintiff's right to recover. It is only where the defendant seeks affirmative relief upon the issues he desires adjudicated that he is required to specially plead his equities. If the plaintiff in the pursuit of his remedy by trespass to try title makes a case which shows that the vendee is not in default, this is sufficient to preclude his recovery, as the right to recover does not exist until the vendee is in default, and the duty of proving this fact rests upon the vendors. Huffman v. Mulkey, 78 Tex. 557, 14 S. W. 1029 [22 Am. St. Rep. 71]. Further, where the vendor resorts to the legal action of trespass to try title to recover from the vendee the land, it is permissible, under the plea of not guilty, to show that the vendee is not in default, or to show that the vendor is in fault by reason of failure to comply with the terms of the contract to sell in some material respect. We quote with approval what is said by the court in Moore v. Giesecke, 76 Tex. 550, 13 S. W. 290: 'We do not understand that it was intended to decide, in the cases where the vendor brought suit simply to try title and for possession, that the equities in favor of the vendee of a nature entitling him to relief would not be heard. We think, rather, that in those cases it was intended to decide that the facts pleaded by the vendee did not show a case entitling the party to affirmative equitable relief. We can see no good reason why the right of the vendee to equitable relief, when he is sued for the purchase money, or for the land itself, should at all depend upon the character or the form of the plaintiff's suit. Whether or not he is entitled to any equitable relief will be a proper subject of inquiry in every case. When the circumstances of the transaction show him to deserve it, it should be administered: and when they do not, it should be denied.' We see no good reason why, under the liberal remedy of trespass to try title, the equities and rights of the vendor and vendee should not be settled, and especially as the plaintiff is permitted in such action to establish by evidence either a legal or equitable title to the land without averring the facts that constitute his equities."

Being of opinion that the appellees in the instant case, under plea of not guilty, could show the legal title vested in them through the foreclosure of the deed of trust of Kir-

by, and also believing that they are entitled to the presumption from the facts and circumstances shown in this case, that on account of the long lapse of time, and the failure to take any action to enforce or foreclose the deed of trust, it follows that the deed to the plaintiff from the substitute trustee, Maco Stewart, passed no title to any of the land sued for. Finding no error in the action of the trial court, the appellants' assignments are overruled. We refer to the following authorities: Foot v. Silliman, 77 Tex. 268, 13 S. W. 1032; Carlisle v. Hart, 27 Tex. 350; McKin v. Williams, 48 Tex. 92; Browning v. Pumphrey, 81 Tex. 163, 16 S. W. 870; Hines v. Thorn, 57 Tex. 104; Haskins v. Wallet, 63 Tex. 220; Hutton v. Pederson, 153 S. W. 176; Hume v. Le Compte, 142 S. W. 934; Milwee v. Phelps, 53 Tex. Civ. App. 195, 115 S. W. 894; Montgomery v. Noyes, 73 Tex. 209, 11 S. W. 138; Groesbeeck v. Crow, 85 Tex. 200, 20 S. W. 49; Gruner v. Westin, 66 Tex. 209, 18 S. W. 512; Riggs v. Hanrick, 59 Tex. 570; Abernathy v. Stone, 81 Tex. 430, 16 S. W. 1102; 30 Cyc. 1273 et seq.

The action of the trial court is, in all things, affirmed.