(126 So. 886)

## COMMERCIAL INV. TRUST, Inc., v. HURST BROTHERS.

### 6 Div. 777.

Court of Appeals of Alabama.
March 18, 1930.

Mathews & Mathews, of Bessemer, for appellant.

Ross, Bumgardner, Ross & Ross, of Bessemer, for appellee.

SAMFORD, J.

The Electrofrost Corporation sold and delivered to this defendant a refrigerator outfit, taking his promissory note for the purchase price payable in equal monthly installments, payable each successive month after date until the entire purchase price had been paid, with interest from date. This note was marked "negotiable and payable at the office of Commercial Investment Trust Corporation. One Park Ave. New York City." At the time of executing this note defendant also signed a contract to better secure the same, which contract retained the title to the property in the seller, together with other provisions usual in such contracts. This plaintiff claims to be the owner of the note as an innocent purchaser for value before maturity and it bases its right to recover in this action mainly upon that proposition. The evidence for plaintiff tends to prove its contention, and, if believed by the jury, would entitle plaintiff to a recovery. The defendant, on the other hand, contends that the plaintiff is not the holder of the paper sued on in due course, but that in its hands the note is subject to all legal defenses as

if the suit was by the payee. This is the major issue between the parties, around which all of the rulings of the trial court may be said to group themselves, so that it may be well to pass upon that question first.

As has been said plaintiff claims that the note sued on is commercial paper; that it is the owner in due course having purchased same for a valuable consideration from the payee before maturity without notice of any defenses thereto. The plaintiff's evidence tends to prove this. It says further that there is no legal evidence in this record to the contrary, and hence it is entitled to the general charge.

The defendant, on the other hand, says that the refrigerator was warranted to be of a certain quality; that it would do certain things; that it was free from defects and imperfections; that it was not as warranted; that he is entitled to have the purchase price abated to the extent of the unpaid purchase price; and that plaintiff is not or was not before maturity of at least some of the installments named in the note a purchaser in due course and before maturity of the note sued on.

■ As to the breach of warranty and the right to abatement of the purchase price as against the seller, there seems to be little doubt and no serious insistence. Bank of Tallassee v. Jordan, 200 Ala. 182, 75 So. 930. The real insistence of appellant is that there is no legal evidence warranting an inference by the jury that plaintiff is not an innocent holder in due course for value. On this point, aside from some slight evidence growing out of the dealings between the plaintiff and the payee, as shown by plaintiff's testimony, insufficient in themselves to justify a verdict for defendant, the defendant offered the contents of two letters received by defendant: "Just before the first installment came due." The first letter was from the payee "stating that they had turned over these papers to the Commercial Trust for collection." Upon receipt of this letter defendant wrote to plaintiff and "asked them if it was *permissible* for me to mail the checks for the payments to them instead of the Electrofrost; and in turn they wrote me back that was correct, that is what should be done; and that is where I made my first payment," and "they notified me before the first payment became due that they had these papers for collection, that is what my letter said." We have been at pains to quote the exact language of the defendant which constitutes the entire evidence on this point for the reason that therein lies the crux of this appeal.

The foregoing testimony, if believed by the jury was an admission on the part of plaintiff that it was acting as the collection agency of the Electrofrost Company and when taken and considered in connection with all the other evidence in the case was sufficient to warrant a finding by the jury that the plaintiff was not a bona fide purchaser of the note sued on for value before maturity and without notice. We find no fault with the authorities cited by appellant in brief, but, being based upon different state of facts, these authorities have no application to the case at bar.

■ Assignments of error 1, 2, 3, 4, and 5 relate to exceptions reserved to the rulings of the court in permitting the witness Durden to testify to certain alleged defects in the Electrofrost equipment. This witness qualified as a workman and carpenter having an expert knowledge of such things. Moreover, this man Durden was the person to whom defendant was referred by the plaintiff as being qualified to repair this very equipment. He was sent by plaintiff to inspect and report to it on the condition of this equipment. Plaintiff will not now be permitted to say Durden is not competent to testify. If Durden was competent to examine the equipment and report his findings to plaintiff, he is competent to testify to such findings when called to testify by defendant.

■ Assignment 6 challenges the ruling of the court in permitting the witness Durden to testify as to the value of the refrigerator box, assuming that the witness Durden did not qualify as to his knowledge of the market value of the article. The plaintiff objected to the question on specific grounds, none of which included a failure of the witness to qualify as to knowledge. The exception cannot here be raised for the first time. If plaintiff was not satisfied with the knowledge of witness on the subject he should have made his objection in the trial court.

Assignments 7 and 8 are grounded upon the proposition that plaintiff is the innocent holder of the note sued on for value and purchased before maturity. We have already passed upon that phase of the case, and repetition here is not necessary.

Assignment 9 challenges the predicate laid to defendant while testifying as a witness, so as to permit secondary evidence of the contents of two letters claimed to have been received by defendant about ten or fifteen days before the first installment of the purchase price became due.

■ The rule for laying predicate for the introduction of the contents of lost papers or documents and quite well understood and of frequent application is: Where the defendant testified that he could not find the letter, that he had hunted for it in the place last seen by him, but had been unable to find it, a sufficient predicate is laid for the admission of secondary evidence. Saun-

ders v. Tuscumbia Roofing, etc., 148 Ala. 519, 41 So. 982; 6 Enc. Digest (Mitchies) 165.

The remaining assignments of error are all grounded upon the contention of appellant that it was upon all the evidence entitled to the general charge. These questions have hereinbefore been fully treated and disposed of. A further discussion would be but a repetition of what has already been said.

We find no error in the record, and the judgment is affirmed.

Affirmed.