## HARDEN v. COFFEE et al.
### No. 3978.

Court of Civil Appeals of Texas. Amarillo.
March 8, 1933.

Rehearing Denied April 19, 1933.

S. E. Fish, of Amarillo, for appellant.

Norman Coffee, of Stinnett, for appellees.

MARTIN, Justice.

The only law question presented by this appeal is whether the abstract furnished by appellant to appellee showed a merchantable title to certain property in East Amarillo.

Appellee, in writing, raised, in substance, the following objections thereto: (1) An unreleased trust deed appeared therein dated April 30, 1894, to A. H. Woods, trustee, given to secure a note for $1,500 due 90 days after date, executed by J. A. Holland, payable to the order of J. W. Link, and covering the entire east half of section No. 125, block 2, of which the property in controversy was a part; (2) that H. B. Sanborn was shown to have acquired this property and owned same at his death. Thereafter a judgment in heirship was rendered by the district court of Potter county, and was shown in the abstract, which judgment purported to establish the fact that Ellen M. Sanborn, wife of H. B. Sanborn, was his only heir.

Appellant deraigned title through Ellen M. Sanborn. The above judgment is here attacked because: (a) The abstract did not show that an attorney was appointed to represent the unknown heirs who were named as defendants in said proceeding to establish heirship; (b) there is no showing that a statement of facts was filed in said cause as required by law.

Appellant declined to remedy the defects pointed out, and appellee brought suit for the recovery of purchase money already paid on her contract. The trial court rendered judgment for appellee, the effect of which was to hold that the title tendered was not merchantable because of the defects hereinbefore mentioned.

The deed of trust is set out in the statement of facts. It is from J. A. Holland to A. H. Wood, trustee, for J. A. Link, beneficiary, is dated April 30, 1894, and was filed for record the same day, covers the half section of land already described, and recites further:

"This conveyance, however, is intended as a trust for the better securing of J. W. Link of the County of Potter and State aforesaid, in the payment of one certain promissory note made by me, the said J. A. Holland, dated the 30th day of April, 1894, payable to the order of J. W. Link, and in the sum of Fifteen Hundred Dollars, and providing for 10% attorneys fees in case same is placed in attorneys hands for collection or suit is brought on same, and bearing interest at the rate of 10% per cent. per annum from maturity upon the payment of which said promissory note, according to its face and tenor, being well and truly made then in such case this conveyance is to become null and of no further force or effect.

"[Signed]   J. A. Holland."

This trust deed did not contain any power of sale to the trustee. There was no contract entered into between the parties for the enforcement of payment of the debt by the ordinary summary proceeding of sale by the trustee. It is therefore distinguishable from the instrument before the court in Womble v. Shirley (Tex. Civ. App.) 193 S. W. 719, and cases of like character. The holder of this note had a cause of action controlled by the four-year statute of limitation which appears to have been a part of our statutory law since the days of the Republic.

Article 5521, R. S., is as follows: "Purchase money or mortgage lien notes relating to real estate shall conclusively be presumed to have been paid after four years from the date of maturity of such notes unless extended as provided by law."

This particular note does not appear to have been extended, nor is there any evidence here that any claim has been asserted under it since its execution. The note on its face is more than 35 years past due. Of a like statute it has been said: "Now, it is apparent this is more than an ordinary limitation

statute. * * * Rather it establishes a definite rule of evidence, the effect of which is to make final and conclusive the presumption of payment by reason of lapse of time." McKinney v. Freestone County (Tex. Com. App.) 291 S. W. 529, 532.

A conclusive presumption of payment is certainly as effective as a release could be.

This makes it unnecessary to pass upon the contention of appellant that there is a presumption of payment of this note due to the lapse of time independent of statute. See 48 C. J. 691, 693, 698; 39 Cyc. 1491 (2); Foot v. Silliman, 77 Tex. 268, 13 S. W. 1032. See, also, McKinney v. Freestone County, supra.

This case seems to have been presented in the lower court and here upon the assumption that the instrument in question contained a power of sale. Since it did not, much discussion of the effects of the statutes of 1905 and 1913 upon deeds of trust executed prior to 1905 is eliminated.

Regarding the judgment of heirship, without consuming space in reproducing said judgment in its entirety, we make note of the fact that it established:

"That the said H. B. Sanborn left surviving him his wife, the plaintiff herein, to whom he married on the 20th day of February, 1868, but no child or children, or the descendants of any child or children were left surviving the said H. B. Sanborn.

"That the said H. B. Sanborn died intestate and no administration has been granted upon his estate within the State of Texas, and none is necessary.

"That the said H. B. Sanborn, at the time of his death, was in possession of, entitled to, and was the owner in fee simple of a community estate with the plaintiff, consisting of the lands and property hereinafter described.

"That the plaintiff who resides in Amarillo, Potter County, Texas, is the heir and only heir at law to the estate and declaring her heirship to said estate."

In support of such a judgment, if it be necessary, it will be presumed that the law was complied with and that the court did its duty. We are of the opinion that the mere absence of a showing in the abstract of the appointment of an attorney for unknown heirs and the filing of a statement of facts would not justify us in holding this title bad, particularly where there were not any unknown heirs and the facts established by the evidence are set out in the judgment, among which is the sole heirship of Sanborn's wife.

It follows that we believe the abstract furnished, as against the objections noted, showed a marketable title. We quote: "The well-established rule that a vendee contracting for a good title is entitled to demand and receive a marketable title, has been adopted by the courts to protect him from such defects only as would cause a prudent and cautious purchaser to entertain a just apprehension of future trouble. It was not adopted to arm and equip the vendee with a sword of defense." Summy v. Ramsey, 53 Wash. 93, 96, 101 P. 506, 507. See, also, 39 Cyc. 1454.

Nearly 40 years have gone by since the debt described in the above trust deed became due. It covered what is now a part of a populous city. No assertion of claim is shown to have arisen since said time. H. B. Sanborn was a resident of Amarillo, as shown by the instruments exhibited in the record. In our opinion, a prudent person, willing and anxious to perform his contract, would have no just cause for apprehending future trouble, either with the holder of this note or with any heir of H. B. Sanborn. This is all the law requires. Titles, in the very nature of things, cannot be made mathematically perfect. We can hardly imagine a title that it is possible to put together that would completely escape a fine-tooth combing for objections which might be given it by highly technical attorneys.

The evidence being uncontradicted, the judgment of the trial court will be reversed and here rendered for the appellant.