## UNITED STATES *v.* STINSON.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 153. Argued January 25, 26, 1905.—Decided March 13, 1905.

The Government, like an individual, may maintain any appropriate action to set aside its grants and recover property of which it has been defrauded; and while laches or limitations do not of themselves constitute a distinct defense as against the Government, yet the respect due to a patent, the presumption that all preceding steps were observed before its issue,

and the necessity of the stability of titles depending on official instruments demand that suits to set aside or annul them should be sustained only when the allegations are clearly stated and fully sustained by proof. In such a suit the Government is subjected to the same rules as an individual, respecting the burden of proof, quantity and character of evidence, presumptions of law and fact, and it is a good defense that the title has passed to a *bona fide* purchaser for value without notice. Generally speaking, equity will not simply consider whether the title was fraudulently obtained from the Government but will also protect the rights of innocent parties.

This suit was commenced in the Circuit Court of the United States for the Western District of Wisconsin on February 25, 1895, to set aside the patents for fourteen quarter sections of land, charged to have been fraudulently acquired by the defendant James Stinson. The lands were entered under the preëmption laws in 1854, 1855, by different individuals, and immediately thereafter conveyed by them to James Stinson. The Government, as admitted, received one dollar and twenty-five cents per acre, the statutory price for lands so entered. The frauds charged are that the entryman did not occupy and improve the lands as required by law, and did not enter them for their own benefit, but were employed by James Stinson to make the entries; that he paid the purchase price to the Government, and also paid the entrymen for their services, and thus, in defiance of the provisions of the statutes, obtained title to the lands. James Stinson in his answer, under oath, denied specifically the alleged frauds. Quite a volume of testimony was taken. Upon this the Circuit Court found that it was not true as alleged that James Stinson had been guilty of fraud in obtaining the title to the lands, and dismissed the bill. This dismissal was affirmed by the Circuit Court of Appeals, 125 Fed. Rep. 907; 60 C. C. A. 615, from whose decree the United States appealed to this court.

*Mr. Marsden C. Burch,* Special Assistant to the Attorney General, with whom the *Solicitor General* and *Mr. John B.*

*Simmons*, Special Assistant United States Attorney, were on the brief, for the United States:

The bill should not have been dismissed as the allegations were sustained by the proofs.

A prior agreement to convey a preëmption claim renders the patent void, and as § 2262, Rev. Stat., provides that any person swearing falsely to procure a patent shall forfeit money paid by him for the land, the United States need not offer to refund the money when it brings an action to vacate the patent on that ground. *United States* v. *Minor*, 114 U. S. 233; *Cooke* v. *Blakeley*, 50 Pac. Rep. 981; *United States* v. *Trinidad Coal and Coking Co.*, 137 U. S. 161.

Public lands of the United States are not subject to taxation, and that a person may have procured a conveyance of the legal title from the Government, whether by mistake, fraud, or false swearing, does not alter the rule. The title so obtained, in the eye of the law, is held by the fraudulent grantee in trust for the grantor—that is, the United States. It is still in fact, not only as between the parties but as to all the world excepting *bona fide* purchasers, the property of the United States, and as such must continue exempt from taxation. *Van Brooklin* v. *Anderson*, 117 U. S. 151; *Wisconsin Central R. R. Co.* v. *Price County*, 133 U. S. 496; *Northern Pacific R. R. Co.* v. *Rockne*, 115 U. S. 600; *Central Pacific R. R. Co.* v. *Nevada*, 162 U. S. 512; *Hussman* v. *Durham*, 165 U. S. 144.

Where the original entry has been canceled, the land is held exempt till valid entry made. *Campbell* v. *Wade*, 312 U. S. 34.

As to laches the United States cannot be held to the same rules as individuals. The fraud was not discovered until 1885 and suits were begun in 1887. The cases cited by appellees do not sustain their contention. *United States* v. *St. L. Ry. Co.*, 118 U. S. 120; *United States* v. *Dalles Road Co.*, 140 U. S. 599; *San Pedro &c. Co.* v. *United States*, 146 U. S. 120; *United States* v. *Insley*, 130 U. S. 263; *Lindsey* v. *Miller*, 6 Pet. 666; *United States* v. *So. Colorado C. & T. Co.*, 18 Fed. Rep. 273:

*United States* v. *Bee*, 54 Fed. Rep. 112; *Willamette Road Co. Case*, 54 Fed. Rep. 807. Stinson cannot claim to be a *bona fide* purchaser as he purchased before patent. *Hawley* v. *Diller*, 178 U. S. 476.

*Mr. R. M. Bashford*, with whom *Mr. John C. Spooner* and *Mr. A. L. Sanborn* were on the brief, for appellees Stinson.

Laches on part of the United States is a bar to this action. Long acquiescence and laches by a party out of possession cannot be excused except by showing some actual hindrance or impediment caused by the fraud of parties in possession. All the facts should be set out in the bill. *Badger* v. *Badger*, 2 Wall. 87, 94; *March* v. *Whitmore*, 21 Wall. 178, 184; *Hume* v. *Beale*, 17 Wall. 326; *Sullivan* v. *Railway Co.*, 94 U. S. 806; *Richards* v. *McAll*, 124 U. S. 183. The same rule applies to the Government in this respect as to an individual. 9 Op. Atty. Gen. 204; *People* v. *Clark*, 10 Barb. 129; *Mayor* v. *Horner*, Cowp. 110; *Clark* v. *Boorman*, 18 Wall 493; *United States* v. *Moore*, 12 How. 222; *United States* v. *Arredondo*, 6 Pet. 746; *United States* v. *Flint*, 4 Sawyer, 58.

There is a presumption arising from the lapse of time in favor of the defendant's title and that it would be difficult to procure the witnesses who might know the facts. Cases cited *supra* and *Maxwell* v. *Kennedy*, 8 How. 221; *Brown* v. *County of Buena Vista*, 95 U. S. 160; *Wilson* v. *Anthony*, 19 Arkansas, 21. The time which must elapse to justify a court of equity in refusing to act varies in different cases, but it may be assumed that the period best approved is twenty years. *Elmendorf* v. *Taylor*, 10 Wheat. 173; *McKnight* v. *Taylor*, 1 How. 168; *Godden* v. *Kimball*, 92 U. S. 210.

Any defects in the preliminary steps of a patent are cured by the patent. *Hoofnagle* v. *Anderson*, 7 Wheat. 214; *Bagnel* v. *Broderick*, 13 Pet. 436.

The presumptions are that the patent was properly issued and that everything necessary was done before its issue.

*United States* v. *Mining Co.,* 129 U. S. 579; *United States* v. *White,* 17 Fed. Rep. 561.

This is of the nature of a suit to enforce a forfeiture and the rule which applies to such cases is well settled. *United States* v. *The Burdett,* 9 Pet. 682; *Chafee* v. *United States,* 18 Wall. 516; *United States* v. *Maxwell Land Co.,* 121 U. S. 325; *United States* v. *Budd,* 144 U. S. 154; § 1047, Rev. Stat.; *Adams* v. *Woods,* 2 Cranch. 336; 26 Stat. 1092; *United States* v. *Maillard,* 4 Ben. 461; *United States* v. *Tithing-yards,* 9 Utah, 273. The circumstances of the case do not show any fraud on the part of Stinson.

*Mr. William E. Church, Mr. Robert McMurdy* and *Mr. Roger Sherman* for certain other appellees, submitted a brief.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

While the Government, like an individual, may maintain any appropriate action to set aside its grants and recover property of which it has been defrauded, and while laches or limitation do not of themselves constitute a distinct defense as against it, yet certain propositions in respect to such an action have been fully established. First, the respect due to a patent; the presumption that all the preceding steps required by law have been observed before its issue; the immense importance and necessity of the stability of titles depending upon these official instruments demand that suits to set aside or annul them should be sustained only when the allegations on which this is attempted are clearly stated and fully sustained by proof. *Maxwell Land-Grant Case,* 121 U. S. 325; *Colorado Coal Company* v. *United States,* 123 U. S. 307; *United States* v. *San Jacinto Tin Company,* 125 U. S. 273; *United States* v. *Des Moines &c. Company,* 142 U. S. 510; *United States* v. *Budd,* 144 U. S. 154; *United States* v. *American Bell Telephone Company,* 167 U. S. 224.

Second. The Government is subjected to the same rules respecting the burden of proof, the quantity and character of evidence, the presumptions of law and fact, that attend the prosecution of a like action by an individual. "It should be well understood that only that class of evidence which commands respect, and that amount of it which produces conviction, shall make such an attempt successful." *Maxwell Land-Grant case, supra,* p. 381; *United States* v. *Iron Silver Mining Co.,* 128 U. S. 673, 677; *United States* v. *Des Moines &c. Company, supra,* p. 541.

Third. It is a good defense to an action to set aside a patent that the title has passed to a *bona fide* purchaser, for value, without notice. And, generally speaking, equity will not simply consider the question whether the title has been fraudulently obtained from the Government, but also will protect the rights and interests of innocent parties. *United States* v. *Burlington & Missouri River Railroad Company,* 98 U. S. 334, 342; *Colorado Coal Company* v. *United States, supra,* p. 313— a case in which, as here, suit was brought to set aside land patents on the ground that they had been obtained by fraud, and in which we said:

"But it is not such a fraud as prevents the passing of the legal title by the patents. It follows that to a bill in equity to cancel the patents upon these grounds alone the defense of a *bona fide* purchaser for value without notice is perfect." *United States* v. *Marshall Mining Company,* 129 U. S. 579, 589; *United States* v. *California &c. Land Company,* 148 U. S. 31, 41; *United States* v. *Winona &c. Railroad Company,* 165 U. S. 463, 479.

Waiving any inquiry as to the claim of ignorance on the part of the Government in respect to the matters complained of until shortly before suit, and simply noting the fact that there was fragmentary testimony tending to show notice at about the time of the entries sufficient to put upon the Government the duty of inquiry, we pass to consider the merits of the case. Forty years intervened between the time of the

alleged fraud and the commencement of this suit. Six at least of the fourteen preëmptors were then dead. One of the living was shown to be quite old and to have failed in health and memory. Only four were called as witnesses; two by the Government and two by the defendant. The evidence of the former tended to sustain the allegations of fraud and that of the latter supported the denial of the defendant. At such a lapse of time it is not strange that the memory of all the witnesses should be of doubtful reliability. They might remember the general fact that they entered the land and that they received some money out of the transaction, but the details, the various acts and conversations, might well be forgotten. There is nothing to show that their attention was ever called to the matter during the intervening time, nothing transpired which would induce them to fix their memories upon any particular facts. Even the testimony on behalf of the Government shows that they believed that they were engaged in a legitimate effort to obtain title to the lands, and expected to make profit out of them. They naturally took the steps in reference to occupation and improvement which they were advised were sufficient, and having paid for the land supposed that everything was rightfully done. The conduct of defendant Stinson does not indicate a consciousness of wrongdoing. He remained a resident of the locality, the title was not transferred, there was no attempt to place it in the hands of a *bona fide* purchaser; no such conduct as would ordinarily characterize a conscious wrongdoer. He came to Superior when it was a mere village, interested himself with others in the building up of a city, having faith in its future. The money which was invested in these lands was his father's, and he took the title in his own name, but really in trust for his father. Subsequently he became the owner of part or all, and retained the title until after this suit was brought. The lands at the time of the entry were in the forest, with only scanty population within a reasonable distance, and apparently were worth no more than the purchase price.

Now that Superior has grown to be a city they have increased largely in value. He engaged in financial operations, contracted debts on the strength of a responsibility based upon the ownership of these lands, and finally he became so deeply in debt that the property passed into the possession of a receiver appointed at the instance of his creditors. Although the latter may not be technically a *bona fide* purchaser, yet he holds the lands for those who have dealt with the defendant Stinson, on the faith of his ownership, and they are equitably entitled to protection.

Further, the Circuit Court, on its review of the testimony, found that there was no fraud and decreed a dismissal, and that finding and decree were approved by the Court of Appeals. While such a finding is not conclusive upon this court, yet it is entitled to receive great consideration, and will not be disturbed unless plainly against the testimony.

Putting all these things together, we are of the opinion that the decree of the Circuit Court was right, and it is

*Affirmed.*