### JOHN BUCKLEY ET AL. v. L. H. RUNGE ET AL.

Decided November 1, 1909.

#### 1.—Vendor and Vendee—Purchase Money Notes—Express Lien.

Promissory notes given for the purchase money of certain town lots contained the following recital: "Secured by S. E. and S. W., quarter of N. E. block of out-lot 70." Held sufficient to constitute a reservation of an express lien upon the property sold, with the consequence that the superior title remained in the vendor until the notes were paid.

#### 2.—Same—Cases Distinguished.

Baker v. Compton, 52 Texas, 252; Ransom v. Brown, 63 Texas, 188, distinguished.

#### 3.—Same—Lapse of Time—Presumption of Payment.

After the lapse of thirty years it will be presumed that notes given for the purchase money of land, have been paid, but this presumption may be overcome by evidence of nonpayment. Evidence as to nonpayment considered and held insufficient to warrant a peremptory instruction for the heirs of the vendor but to raise an issue of fact which should have been submitted to the jury.

#### 4.—Same—Election of Remedy.

The mere fact that frequent demands were made for the payment of purchase money notes after maturity, will not constitute an election to rely upon the lien or a waiver of the right of rescission where the lien was an express one and not merely implied.

#### 5.—Vendor's Lien—Innocent Purchaser.

One who purchases the interest of an heir of the vendee in land without notice of a vendor's lien therein and for a valuable consideration, is entitled to protection as an innocent purchaser in a suit by the heirs of the vendor to rescind the sale and recover the land, in the absence of notice of the claim of the plaintiffs at the time of the purchase.

Appeal from the District Court of Galveston County. Tried below before Hon. Lewis Fisher.

*Stewarts, Geo. T. Burgess* and *J. Homer Jones,* for appellants.— The recitals in the notes, "secured by southeast and southwest quarter of northeast block of outlot 70," did not retain the superior title in the

plaintiffs' ancestor nor create an express vendor's lien. Baker v. Compton, 52 Texas, 252 (directly in point on same facts); Ransom v. Brown, 63 Texas, 188; Carson v. Sweatt, 57 Texas, 380.

Plaintiffs could only recover by showing they held the superior title by establishing a reservation of an express vendor's lien, or the simultaneous execution of a mortgage to secure purchase money. Ransom v. Brown, 63 Texas, 188; Baker v. Compton, 52 Texas, 252; Rindge v. Oliphant, 62 Texas, 682; Dunlap v. Wright, 11 Texas, 597; Webster v. Mann, 52 Texas, 416; Hale v. Baker, 60 Texas, 217; Johnson v. Dyer, 19 Texas Civ. App., 602.

Defendant Morris should have had judgment for a one-third interest in the property claimed by him, because the uncontradicted evidence showed him to be a purchaser for value, and even though plaintiffs had shown themselves to be the holders of the superior title, yet, after a lapse of over thirty years, their right of recovery or rescission would be barred as against a purchaser for value. Also of defendant John Buckley. Weems v. Masterson, 80 Texas, 55; Johnson v. Dyer, 19 Texas Civ. App., 602; Morris v. Duncan, 25 S. W., 48.

Plaintiffs having sued in trespass to try title must recover, if at all, upon the strength of their title, and the burden rested upon them to establish a superior title in themselves, and failing in this defendants should have recovered. Ransom v. Brown, 63 Texas, 188; Baker v. Compton, 52 Texas, 252; Rindge v. Oliphant, 62 Texas, 682.

The court erred in not instructing verdict for defendants against plaintiffs as requested by defendants, because it appears from the evidence that the property in controversy had been conveyed by the executors of the ancestors of plaintiffs to D. G. Kelley, and that such conveyance passed to said Kelley the legal title to the property, and that said Kelley and those deraigning title under him had claimed and asserted title to said property for more than thirty years, and plaintiffs' claim, if any they had, could not be asserted at this time in this action. Ransom v. Brown, 63 Texas, 188; Baker v. Compton, 52 Texas, 252; Johnson v. Dyer, 19 Texas Civ. App., 602.

It is a settled rule in this State that when a vendor's lien is not expressed in the deed, and the note has become barred, the lien can not be enforced against the land. Hale v. Baker, 60 Texas, 217; Perkins v. Sterne, 23 Texas, 562; Pitschki v. Anderson, 49 Texas, 3.

The remedy of a vendor for the collection of purchase money is either to sue for foreclosure or for rescission, and the right of rescission must be pursued within a reasonable time, otherwise vendor will be held to have elected to stand upon his contract and will not be allowed to rescind. Weems v. Masterson, 80 Texas, 55; Morris v. Duncan, 25 S. W., 48; Tom v. Wollhoefer, 61 Texas, 281; Rivers v. Washington, 34 Texas, 270.

Where vendee has been in possession of property for over thirty years and vendor and heirs of vendor have, during that period of time, made frequent demand for payment of purchase-money notes, vendor will be held to have waived right of rescission and to have elected to stand on his contract. Rivers v. Washington, 34 Texas, 270; Owen v. New York & Texas Land Co., 11 Texas Civ. App., 288; Weems v. Masterson, 80 Texas, 55.

[Fourteenth assignment of error.]—The court erred in refusing to give in charge to the jury special charge requested by defendants, as follows: "The jury is instructed that after the lapse of twenty years from its due date a note may be presumed to have been paid, and if you find from the evidence that Daniel G. Kelley executed the notes which have been introduced in evidence by the plaintiffs, and that they were given by him in part payment for the property sued for, and that at the time the suit was brought said notes were more than twenty-nine years past due, and that the said Kelley had perished in a great storm which destroyed and took away all his papers relating to his property, you may presume that said notes had been paid."

*W. B. Lockhart* and *James B. & Charles J. Stubbs,* for appellees.—The court properly instructed a verdict for plaintiffs, because it was established by the undisputed evidence that plaintiff's ancestor was the owner of the fee-simple title to the land; that his executors sold the land to D. G. Kelley, receiving the notes in evidence in part payment of the purchase money, said notes expressing the vendor lien "secured by S. E. and S. W. quarter of N. E. block of outlot 70;" that said notes have not been paid; that the record title remains in plaintiffs' ancestor—the purchaser Kelley, in accordance with his promise not to record his deed until he should pay the purchase-money notes, having kept the deed off record; that plaintiffs are the holders and owners of the notes and the devisees and heirs of Henry Runge, who was D. G. Kelley's vendor; that the vendee Kelley during his lifetime disclaimed any title to the property as against the owners of the notes and the heirs of his vendor and there being no repudiation of the vendor's title and no adverse possession during a period of limitation. Gilbough v. Runge, 99 Texas, 540; Dunlap v. Wright, 11 Texas, 601; Hale v. Baker, 60 Texas, 219; White v. Cole, 67 Texas, 500; Smith v. Owen, 16 Texas Ct. Rep., 22; Evans v. Ashe, 50 Texas Civ. App., 54.

REESE, Associate Justice.—This suit was instituted in 1906 by appellees, heirs of Henry Runge, against appellants, John, Dan and Thomas Buckley, Ed. McCarthy, administrator of D. G. Kelley, and W. C. Morris, and the unknown heirs of Kelley. As presented by the second amended petition, upon which the case went to trial, the action was one in trespass to try title to recover certain lots in the city of Galveston. The case was tried with a jury, and upon the conclusion of the evidence the court instructed a verdict for plaintiffs. From the judgment all the defendants appeal.

We are of the opinion that it was error to instruct the jury to find for plaintiffs. The recitals in the notes given by D. G. Kelley for the lands, "secured by S. E. and S. W. quarter of N. E. block of outlot 70," was sufficient to constitute a reservation of an express lien upon the property sold, with the consequence that superior title remained in the vendor until the notes were paid. To support the contrary view appellants cite the case of Baker v. Compton (52 Texas, 252), in which it was held that a recital in a purchase-money note "to secure the purchase money due" did not amount to an express lien; and Ransom v.

Brown (63 Texas, 188), holding that a recital that the notes were given for the purchase money of the land, was not sufficient. The cases are clearly distinguishable from the present case.

It appeared, however, that thirty years or more had elapsed from the time the notes were due until this suit for the recovery of the land was filed. The execution of a deed by Henry Runge to D. G. Kelley in 1874 conveying the property was clearly established, though the deed had been lost and had not been recorded. It did not appear whether or not a lien had been reserved in the deed.

Kelley died in 1900. His estate was administered upon and the property in question partitioned in 1904, between his administrator and the children of Mrs. Kelley, also dead, the property belonging to the community. Kelley's house was destroyed in the storm of 1900, in which he perished, with whatever papers he may have had. After the lapse of so long a time the notes would be presumed to have been paid, unless such presumption be rebutted by evidence of non-payment. (Weems v. Masterson, 80 Texas, 55; Morris v. Duncan, 25 S. W., 48.) To rebut this presumption it was shown that appellees were still in possession of the notes; that as late as 1882 they had been reported by the guardian of appellees as unpaid, and had been in fact partitioned between L. H. Runge and Henry Runge, two of the children. Henry Runge, who had conveyed his interest in the notes to L. H. Runge shortly before this suit was filed, testified as to repeated demands for payment made upon D. G. Kelley up to a year or two before his death, and promises of Kelley to pay. He also testified as to similar demands made upon John Buckley after the death of Kelley, which was denied by Buckley. The deed had been recorded by Kelley and there was some reference in the testimony to an understanding that Kelley was not to have the deed recorded until he paid for the lots. While this evidence was sufficient to rebut the presumption of payment arising from the lapse of time, we do not think that it can be said that there was not an issue which should have been submitted to the jury. It must not be forgotten that Henry Runge, the only witness to the demand upon Kelley, was an interested party. His conveyance of his interest in the notes a month before the suit was filed did not render him in this suit in which his brother and sisters were plaintiffs an entirely impartial and disinterested witness. Kelley, the only person who could have contradicted him, was dead. John Buckley did contradict him as to demands made upon him for payment. Looking to all the evidence, we think that the presumption of fact as to the payment of the notes, resting upon the great lapse of time before the assertion of the right to recover the land, presented an issue as to such payment which should have been submitted to the jury. (Washington v. Missouri, K. & T. Ry. Co., 90 Texas, 320; Jesson v. Texas Land & Loan Co., 3 Texas Civ. App., 25; McGowan v. International & G. N. Ry., 85 Texas, 293; International & G. N. Ry. Co. v. Johnson, 23 Texas Civ. App., 160, 55 S. W., 772; Nowlin v. Hall, 66 S. W., 852.) The first assignment of error must be sustained for the reason stated. The nineteenth assignment of error, which presents the question more specifically, must also be sustained.

We do not sustain appellants' contention that by making demand for payment of the notes appellees elected to affirm the contract of sale, and to rely alone upon the lien. We have held that the lien was a contract lien and not a mere implied vendor's lien.

As a proposition under this assignment it is contended that Morris and John Buckley should have had judgment each for one-third interest purchased from Dan and Thomas Buckley respectively. Upon this point we think that the court should also have submitted to the jury the issue as to each of these parties, whether he at the time of his purchase had notice of the express lien upon the land, the sole basis of appellees' right to recover, and whether he paid value. The right to recover rests solely upon the recitals in the notes, that they were secured by the lots in question. The execution of the deed is not disputed. There was no evidence that it contained any reservation of the lien, and if there were, there is no evidence that John Buckley or Morris had actual or implied notice of such fact. If, in these circumstances, they bought the interest of the other parties for value and without notice of the express lien as shown by the notes, their titles should be protected, and this issue should have been submitted to the jury. If the notes were unpaid, appellees should recover against the administrator as to that part claimed by him, and as to John Buckley the part claimed by him under the partition, but were not entitled to recover of John Buckley and Morris the parts claimed by them by purchase, unless it should appear that they had notice of the express lien reserved in the notes, or of appellees' claim of title and ownership at the time of their respective purchases. Having the legal title, and appellees having only an equitable title, although superior title until the notes were paid, the burden would be upon appellees to establish this notice. (Weems v. Masterson, *supra;* Thomason v. Berwick, 52 Texas Civ. App., 153, and cases cited.)

It was not error to refuse to give the charge referred to in the fourteenth assignment which, in the form requested, was upon the weight of the evidence. (Stooksbury v. Swan, 85 Texas, 563; Gulf, C. & S. F. Ry. v. Johnson, 99 Texas, 337.)

If the notes were not in fact paid, continuous demands for payment by appellee, and promises to pay on the part of Kelley up to the time of his death, would explain and excuse the delay in the assertion of the superior title, and plaintiffs would not be thereby barred of their right to recover the land upon such superior title.

It is not necessary to discuss all of the assignments of error and propositions thereunder. Except as disposed of otherwise by what has been said, they are severally overruled.

For the errors indicated the judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Application for writ of error disimssed for want of jurisdiction.