J. HOMER FRITCH, Inc., et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.   October 16, 1916.)

No. 2683.

1. ESTOPPEL ⬤117—EVIDENCE—ADMISSIBILITY.
    Where plaintiffs claimed that under their acceptance of defendant's request to extend the time of an option to purchase a vessel, defendant was estopped to deny extension of the charter party and the court ruled that plaintiffs need not establish the good faith of their negotiations for sale to others, evidence of negotiations in good faith is properly excluded.

    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 307; Dec. Dig. ⬤117.]

2. ESTOPPEL ⬤117—EVIDENCE—ADMISSIBILITY.
    Where plaintiffs asserted defendant was estopped to deny that the charter party for a vessel was extended, evidence that the extension of defendant's option to purchase deprived them of interest on the purchase price of the vessel which would have been realized on sale to others is properly excluded, where there was no evidence that such sale would have been consummated but for the extension.

    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 307; Dec. Dig. ⬤117.]

3. ESTOPPEL ⬤62(2)—OFFICERS—ACTS OF ESTOPPEL.
    The rule that the government is not estopped by the acts of its agents or officers applies only where such acts are fraudulent, unauthorized, or mistaken.

    [Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 152; Dec. Dig. ⬤62(2).]

On petition for rehearing.   Petition denied, and former opinion affirmed.

For former opinion, see 234 Fed. 608, —— C. C. A. ——.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge.   [1, 2] The plaintiffs complain of the conclusion of this court that there is "no evidence that the plaintiffs would have chartered the vessel or used it, or would have done otherwise with it than they did but for the option."   It is earnestly insisted that the court below excluded evidence, proffered by the plaintiffs, which, if admitted, would have shown that this conclusion is incorrect.   They point to the ruling of the court below on the question propounded by the plaintiffs:

"Will you state what was the nature of the negotiations you then had pending for the sale of the Homer to other parties in the event that the sale to the government did not go through."

This was offered "to show that the parties were acting in absolutely good faith, and that they actually did have prospects of selling the vessel."   The court below ruled that they were not required to show good faith, and excluded the offered testimony.   Again the plain-

tiffs offered in evidence a "memorandum" of date September 15, 1911, which was an option in which, in consideration of $1,000 paid by the holder thereof, he was given the right to purchase the steamer within 15 days after the expiration of the government's option, on paying therefor $7,000 in cash and executing notes for $27,000, the notes to draw interest at 6 per cent. The option further provided that if the purchase was not completed within 15 days after notice of the government's failure to exercise its option, the $1,000 payment should be forfeited to the plaintiffs. It is said that the evidence so offered, if admitted, would have shown that the plaintiffs were deprived of the interest on $34,000 for 30 days, and were therefore injured in that amount. But the plaintiffs offered no proof that the option to purchase was ever carried out, or that the proposed purchasers would, but for the government's option, have entered into an immediate contract of purchase; and, although the plaintiffs offered evidence that during the month of September they had negotiations with other parties looking toward the sale of the steamer, they did not show, or offer to produce, any specific evidence that those negotiations would have resulted in a sale, or that the plaintiffs were in any way injured by their reliance upon the understanding that the charter was extended. In short, it is clear that it was the government's option to purchase, which admittedly was extended, which primarily prevented any immediate sale of the steamer, and until that option expired the plaintiffs were powerless to sell, and that the supposed extension of the charter added nothing to the other obstacle which stood in the way of the sale.

[3] We entertain no doubt of the correctness of our view that the plaintiffs here could only recover in an action upon a showing that, relying on their understanding of the contract, and the defendant's acquiescence therein, they suffered loss by changing their position to their injury. The rule that the government is not estopped by the acts of its agents or officers applies only where such acts were fraudulent, unauthorized, or mistaken. Pine River Logging Co. v. United States, 186 U. S. 279, 22 Sup. Ct. 920, 46 L. Ed. 1164; Whiteside v. United States, 93 U. S. 247, 256, 23 L. Ed. 882. In this case the Secretary of Commerce and Labor was apparently acting within the scope of his authority. The rules, governing the construction and operation of contracts generally, apply to contracts entered into by the government. 39 Cyc. 742. In United States v. Stinson, 197 U. S. 201, 25 Sup. Ct. 426, 49 L. Ed. 724, the court said:

"The government is subjected to the same rules respecting the burden of proof, the quantity and character of evidence, the presumptions of law and fact, that attend the prosecution of a like action by an individual."

The petition is denied.