## UNITED STATES v. PAIZ.

(Circuit Court of Appeals, Eighth Circuit. October 22, 1923.)

No. 6255.

**Public lands ⚙︎120—Patent canceled for fraud only on clear proof.**

To justify a court of equity in canceling a patent on the ground of fraud, the evidence of fraud must be clear, unequivocal and convincing.

Appeal from the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Suit by the United States against Eulogio Paiz. Decree for defendant, and the United States appeals. Affirmed.

⚙︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harry S. Bowman, Asst. U. S. Atty., of Santa Fé, N. M. (George R. Craig, U. S. Atty., of Albuquerque, N. M., on the brief), for the United States.

Before STONE, Circuit Judge, and VAN VALKENBURGH and KENNEDY, District Judges.

STONE, Circuit Judge. This is an action to cancel the patent, upon a homestead entry, of Eulogio Paiz. The charge was fraud in the final proofs in that there was no actual residence as required by law. The issue and contest at the trial was as to the existence of such necessary residence. For lack of evidence to sustain the bill, it was, after hearing on the merits, dismissed.

To justify a court of equity in annulling such a patent, the evidence of fraud must be "clear, unequivocal and convincing." Maxwell Land Grant Case, 121 U. S. 325, 381, 7 Sup. Ct. 1015, 30 L. Ed. 949; Colorado Coal Co. v. United States, 123 U. S. 307, 316, 8 Sup. Ct. 131, 31 L. Ed. 182; United States v. Navigation Co., 142 U. S. 510, 541, 12 Sup. Ct. 308, 35 L. Ed. 1099; United States v. Budd, 144 U. S. 154, 12 Sup. Ct. 575, 36 L. Ed. 384; and in this court, United States v. Delatour (C. C. A.) 275 Fed. 137, 138, and United States v. Medland (C. C. A.) 281 Fed. 649, 651.

We have carefully read all of the evidence in this record. While it may be said that a preponderance of the evidence might properly be regarded as favoring appellant, yet we are not convinced that the evidence is so sufficiently "clear, unequivocal and convincing" that we are justified in overruling the finding of the trial judge who saw the witnesses upon the stand and was in a much better position to judge the facts than are we who have only the printed record for guidance.

The judgment is affirmed.