### McKINNEY v. FREESTONE COUNTY.
### (No. 738–4679.)

(Commission of Appeals of Texas, Section B. Feb. 23, 1927.)

1. **Appeal and error ⬅➡1083(6)—Holding that undisputed evidence on certain issue was insufficient to support judgment presents matter of law for Supreme Court.**

Court of Appeals' holding that undisputed evidence on issue of payment was insufficient to support judgment against county presents a matter of law within jurisdiction of Supreme Court.

2. **Payment ⬅➡66(1)—Defense of payment, evidenced by lapse of time, held not so connected with "limitation" and "laches" as to be inapplicable to county.**

Defense of payment, evidenced by lapse of time, *held* not so intimately connected with defenses of limitation and laches as to be inapplicable to a county; "limitation" being fixed, arbitrary period barring remedy, and laches delay for such time and under such circumstances as to make it inequitable to permit suit, while no lapse of time, however great, bars action, unless by statute, but merely raises presumption of payment amounting to prima facie proof, where applicable at all.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Laches; Limitation.]

3. **Payment ⬅➡66(1)—Arm of sovereignty coming into court is subject to usual rules of evidence, including presumption of payment from lapse of time.**

State or any arm of sovereignty coming into court is subject to all rules of evidence usually applicable to ordinary parties, including presumption of payment from lapse of time.

4. **Payment ⬅➡66(5)—Presumption of payment, conclusive unless rebutted, arises after long lapse of time.**

Presumption of payment, which is conclusive unless rebutted, arises after long lapse of time, usually 20 years.

5. **Payment ⬅➡66(2)—Lapse of 35 years before suit by county to try title to land sold by it held to create presumption of payment.**

Lapse of 35 years before filing of county's suit in trespass to try title to land sold by it

*held* to give rise to presumption of payment, entitling defendant to judgment, in absence of rebuttal evidence.

6. **Payment ⬅➡66(5)—Statute held to make conclusive presumption of payment from lapse of time (Vernon's Sayles' Ann. Civ. St. 1914, art. 5694).**

Vernon's Sayles' Ann. Civ. St. 1914, art. 5694, is not an ordinary limitation statute, but establishes a definite rule of evidence making presumption of payment from lapse of time final and conclusive.

7. **Constitutional law ⬅➡70(3)—Court is not concerned with wisdom of law creating conclusive presumption of payment from lapse of time (Vernon's Sayles' Ann. Civ. St. 1914, art. 5694).**

Supreme Court is not concerned with wisdom of Vernon's Sayles' Ann. Civ. St. 1914, art. 5694, establishing rule of evidence making presumption of payment from lapse of time final and conclusive; its meaning being clear.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit in trespass to try title by Freestone County against C. E. McKinney and others, in which named defendant was granted a severance. A judgment for named defendant was reversed and the cause remanded by the Court of Civil Appeals (285 S. W. 340), and he brings error. Reversed, and judgment of the trial court affirmed.

Chancellor & Bryan, Weldon, & McDonald, and Benson & Benson, all of Bowie, and Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

T. H. Bonner, of Fairfield, J. S. Dickey and G. W. Fryer, both of Wichita Falls, and Wantland & Glasgow, of Henrietta, for defendant in error.

SPEER, J. Justice Jackson, of the Seventh district, thus states the case:

"This is a suit in trespass to try title instituted by Freestone county, the appellant, in the district court of Clay county against several hundred defendants to recover four leagues of land.

"C. E. McKinney, one of the defendants, and appellee here, was granted a severance by the court, and answered disclaiming as to all the lands in controversy save and except 40 acres described in his answer, and pleaded not guilty and valuable improvements in good faith. The case was tried before the court without the intervention of a jury, and judgment rendered denying appellant a recovery of said 40 acres of land, and discharging appellee with his costs.

"The appellant rested after introducing in evidence the patent from the state of Texas, dated January 19, 1855, and recorded in the deed records of Clay county, granting to it for school purposes the four leagues of land described in its petition.

"The appellee introduced in evidence a certified copy of a plat approved by and recorded by order of the commissioners' court of appellant

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

county, subdividing said four leagues of land into blocks, which were numbered, and upon said plat is block No. 63; an order of said court fixing the price per acre and the terms and conditions upon which the blocks were to be sold to purchasers, which authorized O. C. Kirven, county judge of appellant county, to negotiate the sale of the county's lands and make, execute, and deliver to purchasers proper deeds thereto for the consideration and upon the terms and conditions provided in said order; a deed dated January 13, 1879, from O. C. Kirven, county judge, as attorney in fact of Freestone county, conveying block 63 to J. H. Wakefield in accordance with said order for a consideration of $70.87 cash paid, the receipt of which was acknowledged, and a note for $707.63, executed by the grantee in said deed and payable to Freestone county on January 13, 1889, with interest at the rate of 10 per cent. per annum from date, payable annually; an order of said court dated February 15, 1879, acknowledging the receipt by the county of the cash consideration recited in the deed and approving the report of the sale of this and other lands.

"Appellee then introduced a connected chain of title from J. H. Wakefield down to himself covering the 40 acres of land involved in this appeal. He introduced in evidence from the office of the state superintendent of public instruction a certified copy of a report of the permanent school fund of said county, made by the treasurer thereof to the commissioners' court, by whom the report was approved, and which was filed in the office of the state superintendent. This report states it is for the scholastic year beginning July 1, 1888. He offered a similar report by the county treasurer of Freestone county, made to and approved by the commissioners' court, of the permanent school fund for the scholastic year, beginning, it states, September 1, 1889, and ending August 9, 1890, and was on file with the state superintendent of public instruction.

"The findings of fact filed by the trial court, in so far as they are necessary to a consideration of this appeal, are, in effect, that the state of Texas patented four leagues of land for school purposes to Freestone county; that the commissioners' court of said county approved a plat subdividing said four leagues into blocks, which were numbered, one of which was block No. 63; that by proper order of said court, O. C. Kirven, the county judge of the county, was authorized to sell and convey for it block No. 63 for $2.25 per acre upon the terms set forth in the order; that block 63 was sold and conveyed by O. C. Kirven, as attorney in fact for the county, by virtue of said order and in accordance with the terms and conditions thereof, to J. H. Wakefield by deed dated January 13, 1879, for a consideration of $70.87 in cash, and the execution and delivery of the promissory note of the grantee for the sum of $707.63, of even date with said deed, bearing interest at the rate of 10 per cent. per annum, payable annually, and due January 13, 1889; that a lien was retained in the deed to secure the payment of said note according to the face and tenor thereof; and that appellant county received and accepted the consideration for said land recited in the deed; that the 40 acres of land involved in this appeal was a part of block 63, and that the appellee has title thereto by reason of a connected chain of title from J. H. Wakefield to

himself; that the vendor's lien note given by J. H. Wakefield, payable to Freestone county, as a part of the consideration for block 63, had been paid in full to the county; that appellee and his predecessors in title have made valuable improvements upon said 40 acres of land of the reasonable cash market value of $1,900; and that the value of said 40 acres was enhanced by the improvements placed thereon in the sum of $1,900.

"The trial court concluded as a matter of law that the deed from Freestone county to J. H. Wakefield constituted a valid sale of block No. 63, subject to the vendor's lien contained in the deed to secure the purchase-money note in the principal sum of $707.63, due January 13, 1889; that Freestone county ratified the sale by the receipt and acceptance of the purchase price; that the defendant C. E. McKinney is the owner of said 40 acres of land; that the vendor's lien retained by Freestone county in the sale of block 63 to J. H. Wakefield has been paid, satisfied, and discharged; and that appellant should be denied a recovery of said land.

"Appellant contends that inasmuch as the suit is one in trespass to try title, with no facts alleged entitling appellee to equitable relief, he having answered only by plea of not guilty and valuable improvements in good faith, thus admitting possession, that the patent from the state to Freestone county was prima facie proof of its legal title, and the court committed error in denying it a recovery because appellee failed to show any title to the land, either legal or equitable."

[1] The Court of Civil Appeals reversed the judgment of the trial court (285 S. W. 340), saying: "On account of the insufficiency of the testimony, the judgment is reversed and the cause remanded."

When the opinion is analyzed it will appear this is not a fact finding within the exclusive jurisdiction of the Court of Civil Appeals, but the real holding is that the undisputed evidence on the issue of payment, as against a county, is not sufficient to support the judgment. This clearly presents a matter of law over which the Supreme Court has jurisdiction.

[2] We think the judgment of the trial court was right, and the judgment of the Court of Civil Appeals in reversing it was wrong for the following reasons: We think the erroneous conclusion of the Court of Civil Appeals is due to a confusion of defenses. It has treated the defenses of payment, evidenced by the lapse of time, as so intimately connected with limitation and laches as to be not applicable to a county. But there is no such similarity of these defenses. Limitation is a fixed, arbitrary period, which bars the remedy. Laches is that delay for such time and under such circumstances as to make it inequitable to permit the suit. Each of these defenses is a complete bar, but neither is applicable to sovereignty. The defense of payment as evidenced by long lapse of time is altogether a different thing. No lapse of time, however great, is a bar to the action (unless by statute), but where applica-

ble at all, it merely raises a presumption of payment amounting to prima facie proof. This presumption may be overcome and the prima facie case destroyed by evidence. In other words, it is a rule of evidence, not a law of limitation. 21 C. J. "Equity," § 211; Pomeroy's Eq. Jur. vol. 4, § 1442.

[3] It is thoroughly settled that when the state or any arm of sovereignty comes into the court, it is subject to all the rules of evidence usually applicable to ordinary parties, including this very presumption under discussion.

In United States v. Stinson, 197 U. S. 200, 25 S. Ct. 426, 49 L. Ed. 724, the Supreme Court said:

"The government is subjected to the same rules respecting the burden of proof, the quantity and character of evidence, the presumptions of law and fact, that attend the prosecution of a like action by an individual."

In State v. Sais, 60 Tex. 87, our Supreme Court upheld a finding of fact based upon this presumption, as against the state.

In Leake v. City of Dallas, 197 S. W. 472, the Court of Civil Appeals made a similar holding in a tax suit by the city, saying:

"We believe the trial court was in error in finding as a fact the taxes were not paid and in holding that the presumption of payment [after 20 years] does not apply in tax cases."

The rule is admirably stated in Ruling Case Law (volume 21, p. 135, § 154), as follows:

"When the state comes into its courts it is subject like all other suitors to the established rules of evidence. It must meet the burden of proof, its evidence must be relevant, material, the best attainable, and must be presented in due order under the regular rules of procedure. In all such respects it stands on the same footing as ordinary litigants. Statutes of limitation do not apply to it, because the maxim nullum tempus occurrit regi, though probably in its origin a part of royal prerogative, has been adopted in our jurisprudence as a matter of important public policy. But rules of evidence and legal presumptions are not changed for or against the state as a suitor. A statute of limitation is a legislative bar to the right of action, but the presumption of payment from the lapse of time is not a bar at all, but simply a rule of evidence, affecting the burden of proof. There is no good reason why it should not apply to the state just as other legal rules and presumptions do."

[4] Now, there is no doubt that after a long lapse of time, by common consent usually placed at 20 years, there arises a presumption of payment. This, as already indicated, is but a presumption which the law raises from the fact of delay, and may therefore be rebutted. But unless it is thus rebutted, the presumption becomes conclusive.

In Weems v. Masterson, 80 Tex. 45, 15 S. W. 590, Chief Justice Stayton says:

"More than 30 years elapsed after the land was sold before this action was brought, and during that time the property changed hands many times, purchasers thereof presumably paying a valuable consideration therefor and placing on record their evidences of right. Plaintiff married 19 years before she asserted any right to the land, and if the rule which permits one selling lands by contract purely executory in character could have application to this case, we are of opinion that the long lapse of time should bar her right to rescission. That is not an absolute right, and one who desires to enforce it should act with reasonable promptitude, and in all cases where a vendor has failed to assert such a right for a length of time that would raise a presumption of payment he cannot afterward enforce it, on account of the nonpayment of the purchase money, against one who has paid a valuable consideration for the property to another holding under a deed which becomes absolute title on payment of the purchase money without any further conveyance by the vendor. Walker v. Emerson, 20 Tex. 711 [73 Am. Dec. 207]. The maintenance of a contrary rule would lead to results most ruinous."

The Court of Civil Appeals in Milwee v. Phelps, 53 Tex. Civ. App. 195, 115 S. W. 891, an action to recover land, held:

"It further appeared that for a time before Snell's death until his own death, eight years later, Millwee never asserted any right or title to or claim against the land or any interest therein, and that after his death until a short time before their suit was filed in 1907—a period of over 30 years—appellants, as his heirs or otherwise, never asserted such a right or title or claim. The facts stated prima facie, we think, establish the payment of the notes, and the burden rested on appellants to show to the contrary. The trial court found that they had not discharged that burden and gave effect to the presumption of payment arising from the long lapse of time since the notes became due, strengthened, as that presumption was by other circumstances in evidence, to which we have referred. We think the finding of the court in the particular complained of was amply supported by the evidence."

In another decision by the Court of Civil Appeals, in which a writ of error was refused (Buckley v. Runge, 57 Tex. Civ. App. 325, 122 S. W. 597), this also being an action of trespass to try title involving purchase-money notes, the court said:

"It appeared, however, that 30 years or more had elapsed from the time the notes were due until this suit for the recovery of the land was filed. * * * After the lapse of so long a time, the notes would be presumed to have been paid, unless such presumption be rebutted by evidence of nonpayment."

There was in that case some evidence of nonpayment, but on the whole the court further said:

"Looking to all the evidence, we think that the presumption of fact as to the payment of the notes, resting upon the great lapse of time before the assertion of the right to recover the land, presented an issue as to such payment, which should have been submitted to the jury."

In Mensing v. Fidelity Lumber Co., where a writ was likewise refused (194 S. W. 208), the Court of Civil Appeals for the Beaumont district held that after a lapse of 25 years this presumption of payment arose so as to defeat the plaintiff's action. The same holding is made in Leake v. City of Dallas, supra, that being an action to recover taxes by the city of Dallas.

[5] Here the note for nonpayment of which defendant in error seeks to recover the land was due and payable January 13, 1889. More than 35 years elapsed before the filing of this suit, and there is no reason why the usual wholesome presumption of payment should not arise from this long delay.

If by reason of lapse of time there arises in the case a presumption of payment amounting to prima facie proof of such issue, it of course logically follows that in the absence of evidence rebutting this presumption and overcoming this prima facie case, the defendant must recover. Some of the quotations already made by us indicate that the burden of proof in such a situation is on the plaintiff to overcome 'the prima facie defense. See United States v. Stinson, supra; Leake v. City of Dallas, supra; 21 R. C. L. supra.

There is no evidence whatever tending to disprove the prima facie case of payment of plaintiff in error. The defendant in error having failed to disprove the burden which rested upon it in this respect, the presumption became conclusive, and no judgment other than one for the defendant could have been entered by the trial court.

[6] There is yet another reason why the result above indicated must follow. Article 5694, Vernon's Sayles' Statutes 1914, provides:

"The right to recover any real estate by virtue of a superior title retained in any deed of conveyance heretofore or hereafter executed, or in any vendor's lien note or notes heretofore or hereafter executed, given for the purchase money of such real estate, shall be barred after the expiration of four years from the maturity of such indebtedness, and if suit is not brought for recovery of such real estate, or for the foreclosure of the lien to secure such note or notes within four years from the date of the maturity of such indebtedness, or if suit is not brought within such time for the recovery of the land by the original vendor, or his transferee, or for the foreclosure of the lien given to secure such notes, the purchase money therefor shall be conclusively presumed to have been paid in any suit to recover such land or to enforce a lien thereon. * * *"

. Now, it is apparent this is more than an ordinary limitation statute. The language, "the purchase money therefor shall be conclusively presumed to have been paid," is not that of limitation at all; rather it establishes a definite rule of evidence, the effect of which is to make final and conclusive the presumption of payment by reason of lapse of time.

[7] The Court of Civil Appeals for the Eighth district, in Pecos Mercantile Co. v. McKnight, 256 S. W. 933 (writ refused), has held this very thing, citing and quoting the Supreme Court as follows:

"We do not regard the authorities mentioned as foreclosing against the appellant the question of its right to avail itself of the statute now in force, because it is something more than a mere statute of limitation."

The opinion goes on to cite the Supreme Court case of Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447, and the Commission case of Bunn v. City of Laredo (Tex. Com. App.) 245 S. W. 426, as recognizing the doctrine that the quoted statute is "not only is it a statute of limitation barring all remedy in the courts, but, in all suits to recover the land or to enforce the lien brought more than four years after the maturity of the notes, a conclusive presumption of fact arises that the notes have been paid and the lien has ceased to exist." We concur in this view. The language of the act last quoted is not apt to a limitation statute, but clearly creates a rule of evidence. With the wisdom of such a law we have no concern. The meaning being clear, it is our duty to pronounce and follow it.

For these reasons, we recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the trial court be in all things affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.