**UNITED STATES v. HAYS.**

Circuit Court of Appeals, Tenth Circuit. October 29, 1929.

No. 23.

Albert D. Walton, U. S. Atty., of Cheyenne, Wyo. (T. Paul Wilcox, Asst. U. S. Atty., of Cheyenne, Wyo., on the brief), for the United States.

C. R. Ellery, of Cheyenne, Wyo. (Lewis H. Brown, of Rock Springs, Wyo., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge. Harrison Lowe Hays, the appellee, made three entries of public land, each for 160 acres, in Carbon county, Wyoming, in June and July, 1919, one of them being original homestead entry, another additional homestead entry, and the

third an additional stock-raising homestead entry. In July, 1923, he made final proof upon the three entries, for which a certificate was issued in November following, and patents were issued on February 7, 1924. Suit was brought by the United States to cancel the patents, resulting, after a trial, in a decree dismissing the bill; and the United States appeals.

The grounds of suit alleged in the bill are that the entryman falsely and fraudulently testified in his final proof that he had lived upon and cultivated the land according to the homestead law, had a habitable house on the land embraced in the original entry, and actually resided there from July to October, 1919, from May to October, 1920, from May to November, 1921, and from May, 1922, to the last of August, 1923, being meantime absent from the land, and that in an affidavit he falsely and fraudulently testified he had such house and resided on the land since July, 1919, and thereby deceived the officers of the United States and fraudulently induced the issuance of the final certificate and patent. He answered, admitting he gave the testimony and made the affidavit, but denied they were false or fraudulent, or that he misled the said officers, and averred that the said proof and affidavit were true, and were given and made in good faith. There was no claim that the stock-raising homestead was not sufficiently improved, or that the patent therefor is invalid. The evidence is confined to the other homesteads.

By the Act of June 6, 1912, 37 Stat. 123 (43 USCA § 164) amending section 2291, Rev. St., the homestead claimant is required to prove residence and cultivation for three years, and an actual residence of seven months, with an allowable absence of five months, each year. Counsel for appellee cite In re Josephine Locher, 44 Land Decisions, 134, as embodying a construction of the act, and the rule is invoked that a departmental construction should be accepted, in the absence of strong reasons opposed to it, and they contend that the evidence shows a failure by entryman to meet the statutory requirements, and such misrepresentation in his final proof as the courts hold sufficient to constitute fraud and warrant cancellation of the patents, and furthermore is of such force as to overcome the presumption attaching to contrary findings of the trial court.

■ It is to be borne in mind that the courts, in entertaining suits for the cancellation of land patents, do not sit as mere reviewing officers of the Land Department, and that their jurisdiction is essentially to inquire whether the titles should be set aside, because of false and fraudulent material representations in final proof, which have misled the officers and thereby induced the patents. In Wright-Blodgett Co. v. United States, 236 U. S. 397, 35 S. Ct. 339, 341, 59 L. Ed. 637, it was said:

"In such case, the respect due to a patent, the presumption that all the preceding steps required by the law had been observed before its issue, and the immense importance of stability of titles dependent upon these instruments, demand that suit to cancel them should be sustained only by proof which produces conviction. United States v. Minor, 114 U. S. 233, 239, 29 L. Ed. 110, 112, 5 S. Ct. 836; Maxwell Land-Grant Case, 121 U. S. 325, 381, 30 L. Ed. 949, 959, 7 S. Ct. 1015; United States v. Stinson, 197 U. S. 200, 204, 205, 49 L. Ed. 724, 725, 25 S. Ct. 426; Diamond Coal & Coke Co. v. United States, 233 U. S. 236, 239, 58 L. Ed. 936, 939, 34 S. Ct. 507."

■ In United States v. Paiz, 293 F. 755 (8 C. C. A.), it was ruled that the evidence of fraud must be "clear, unequivocal, and convincing." In the recent case of United States v. Bucher, 15 F.(2d) 783, decided by the same court, it was held that the question was not whether the courts would have accepted the proof, but whether the facts were such as "to show clearly, unequivocally, and convincingly that the officers who accepted the final proofs were induced to do so by the perjury or false swearing of such affiants." The same principle is announced in United States v. Peterson (C. C. A.) 34 F.(2d) 245, decided by this court August 1, 1929.

■■ The inquiry, then, is whether, by the above tests, the patents involved should be canceled. The trial court found that the complaint that appellant's house was not habitable was not sustained, and the court was satisfied "it was habitable and was generally in keeping with ordinary homestead dwellings in that vicinity." It is shown the replacement cost of the house was $250. It appears to have been sufficient as protection from the elements, and in point of furnishing much like that to be expected of a single man, pioneering on the public domain, and supporting himself by labor and teaching school in the locality.

In a further review of the evidence, that court proceeded, with regard to the residence of claimant on the land: "A summary of all the testimony upon the point goes to show that after making the entry the defendant first lived in a tent upon it during the summer months of 1919 and then erected a house by hauling the material for a considerable distance; that the land was thereafter fully

fenced; that he attempted to cultivate about 10 acres of the entry during the two years, but that the crops did not turn out well; and that, all things considered, the entire entry, including that of the original homestead and the additional homestead, was chiefly valuable for grazing purpose, upon which he had run cattle and other stock. It was further shown that during the absent periods the defendant either taught or attended school, the teaching being for the purpose of securing money with which to make his improvements upon his homestead entry; that during the months when he claimed residence upon the land he was quite frequently employed by his father upon his father's ranch in the vicinity, and sometimes for short periods he was employed by neighbors at ranch work, and that he ate and slept where he worked, except that once a week he went to his own homestead and remained for a period of from one to three days; and that he usually returned to his homestead in the manner indicated each week, unless the weather or some unforeseen situation prevented."

The appellee made a verified statement to an inspector of the Interior Department, which accorded substantially with his final proof testimony. The Commissioner before whom the proof was taken testified the appellee at the time made the same statement to him as at the trial, and that he, the Commissioner, told the appellee he thought his residence was all right, whereupon he made the affidavit in connection with the final proof. The evidence also shows the appellee had not disposed of this land. The trial court concluded:

"The case at bar has all the earmarks of good faith and presents no independent proofs tending to sustain the charge that the entryman did not believe his statements to be true at the time they were made. The only questionable element in the whole transaction is as to the time spent upon the homestead by the defendant which he denominated and apparently believed to be a residence within the meaning of the law; and even should it be conceded that this would be insufficient to satisfy the authorities according to their standard of what a residence should be, it falls short in itself of establishing the necessary element of a false statement known at the time not to be true and made for the purpose of deceiving the government."

We are impressed, without adverting to further details, that the evidence fails in the essential requirements of intentional misrepresentation, fraud, or bad faith on appellee's part in acquiring title. The findings of a chancellor in an equity case are deemed to be presumptively correct, and will be accepted on appeal, unless a serious mistake has occurred in the consideration of the evidence. New York Life Ins. Co. v. Griffith, 35 F.(2d) 945 decided this day by this court. We are not persuaded such mistake was shown in this case.

The decree of dismissal of the bill is therefore affirmed.